1  JOHN M. LUEBBERKE, City Attorney
State Bar No. 164893
2  JAMIL R. GHANNAM, Deputy City Attorney
State Bar No. 300730
3  425 N. El Dorado Street, 2nd Floor
Stockton, CA  95202
4  Telephone: (209) 937-8333
Facsimile: (209) 937-8898
5
Attorneys for Defendants
6  CITY OF STOCKTON and CHRISTIAN CLEGG

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10   RALHP LEE WHITE,                          )  Case No. 2:19-CV-00913-JAM-EFB
                                               )
11            Plaintiff,                        )  **MEMORANDUM OF POINTS AND**
                                               )  **AUTHORITIES IN SUPPORT OF**
12   vs.                                        )  **MOTION TO DISMISS**
                                               )  *Fed.R.Civ.Proc. 12(b)(1), 12(b)(6)*
13   CITY OF STOCKTON, et al.,                  )
                                               )  Date:       July 17, 2019
14            Defendants.                       )  Time:       10:00 a.m.
                                               )  Courtroom: 8, 13th Floor
15  _____        )  Judge:      Hon. Edmund F. Brennan

16  **I.      INTRODUCTION**

17          Plaintiff in pro per Ralph Lee White (hereinafter "Plaintiff") brings suit for declaratory

18  and injunctive relief, demanding that the City of Stockton and interim City Clerk Christian

19  Clegg[1] "…conduct a purge of the voter lists affecting the City of Stockton…" (See Complaint,

20  ¶9.) Plaintiff claims that the City has violated subdivision (a)(4) of 52 U.S.C. § 20507, part of the

21  National Voter Registration Act of 1993 ("NVRA," 52 U.S.C. § 20501 et seq.) for allegedly not

22  removing voters from the list who have moved out of the jurisdiction, become incarcerated, or

23  deceased. Plaintiff cannot maintain this action against the City and Christian Clegg for a variety

24  reasons and it must be dismissed with prejudice pursuant to Rule 12 of the Federal Rules of Civil

25  Procedure.

26  ///

27
_____
[1] Clegg is only being sued in his official capacity which is in essence another way of suing the City. *See*
28  *Kentucky v. Graham,* 473 U.S. 159, 165-166 (1985).

1

1    *Material Allegations of the Complaint*

2        On February 5, 2019, the City passed Ordinance No. 2019-02-05-1403, that Plaintiff

3    seeks to have repealed concerning utility water billing. (Complaint, ¶8.) Plaintiff alleges that he

4    owns "a substantial number of rental units" that will be affected by the new ordinance and that he

5    is "personally aware of a significant number of registered voters that have been incarcerated,

6    have moved to another location, or have passed away or otherwise become ineligible to vote."

7    (Complaint, ¶10.)

8        Plaintiff alleges that last year he had sought to have an issue placed on a local City ballot

9    and "canvassed areas" in the City to obtain the requisite number of registered voter signatures,

10   which was required to be equal to or in excess of 10% of the number of registered voters in the

11   area, in order to place his issue on the ballot. (Complaint, ¶10.) Plaintiff does not state whether he

12   acquired the necessary number of signatures for this previous political endeavor. However,

13   Plaintiff alleges that based on his anecdotal evidence that persons have either moved, become

14   incarcerated or passed away, is that it is now made "difficult, if not impossible" to determine who

15   is a qualified registered voter. (Complaint, ¶10.) In support of this Plaintiff attaches a print-out

16   showing a list of people who live at an apartment complex located at 2305 S. El Dorado Street in

17   Stockton, with Plaintiff indicating who he has found that does not live there anymore.

18   (See Doc. 1, pp. 10-14.)

19       Plaintiff concedes that the NVRA states that the registration of a voter who has moved

20   out of the jurisdiction is subject to removal only if the voter requests it or if the voter fails to

21   respond to an address confirmation notice and then fails to vote in the proceeding two federal

22   elections. (Complaint, ¶15.) Plaintiff alleges "that the City, through the Registrar[2] and Secretary

23   of State does not have a purged list of voters as required by both state and federal law and that

24   defendants and each of them have failed to conduct a general program that makes a reasonable

25   effort to cancel the registrations of ineligible registrants." (Complaint, ¶22.) Plaintiff claims he

26

27

28   [2] The San Joaquin County Registrar and the California Secretary of State are distinct public entities.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

1    will suffer irreparable injury and has no adequate remedy at law; however, the only injury

2    identified is that Plaintiff's "confidence in this constitutional process" will be affected.

3    (Complaint, ¶28.)

4         Plaintiff does not allege that he has made any attempt to acquire any petition signatures in

5    pursuit of his effort to repeal the City ordinance recently passed on February 5, 2019. Rather,

6    Plaintiff claims that he requires injunctive relief from this Court so that he can pursue his repeal

7    of the City ordinance. (Complaint, ¶11.) Plaintiff does not in any way address Ordinance

8    No. 2019-02-05-1403, however, Plaintiff demands that this Ordinance too be enjoined. (See

9    Complaint, prayer for relief at pp. 7-8.)

10        *Summary Of Grounds for Dismissal*

11        Plaintiff's allegations and legal claim for relief under 52 U.S.C. § 20507 fails to state any

12   cognizable violation as to the City, and no amendment can remedy this legal deficiency. The City

13   and Christian Clegg must therefore be dismissed from this action with prejudice.

14        Firstly, Plaintiff has no standing to sue the City. Review of the allegations in the

15   Complaint shows that there is no concrete, actual or imminent injury, that there is no complained

16   of conduct fairly traceable to the *City*, nor any remedy that the *City* can enact which will redress

17   Plaintiff's complaints. *See Bennett v. Spear*, 520 U.S. 154, 167, 117 S. Ct. 1154, 137 L.Ed.2d 281

18   (1997). This is because the City has no legal authority or obligation to ensure compliance with

19   the voter registration requirements of the NVRA; rather, the Secretary of State is the chief state

20   elections official responsible for coordination of the state's responsibilities under the NVRA. See

21   Cal. Elec. Code § 2402. Amendment of the Complaint cannot remedy this issue; thus, dismissal

22   with prejudice is appropriate.

23        Secondly, Plaintiff must comply with a 90-day notice requirement in order to bring suit

24   under the NVRA and has failed to do so. See 52 U.S.C. § 20510(b); *see also Nat'l Council of La*

25   *Raza v. Cegavske*, 800 F.3d 1032, 1044 (9th Cir. 2015).

26        Plaintiff's Complaint blames his speculative and prospective inability to locate registered

27   voters to sign his petition in order to drum up support to combat a newly enacted City ordinance

28   on inappropriately maintained voter registration records. However, the stated statutory purpose of

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

1    the NVRA is to eliminate unfair registration laws that can affect voter participation in elections

2    for *federal* office and to establish procedures to increase eligible citizens who vote in elections

3    for *federal* office. See 52 U.S.C.A. § 20501. Plaintiff's Complaint simply does not allege any

4    electoral impropriety in voter registration or procedures in elections for federal office.

5        Plaintiff seeks not only an injunction as to voter registration under the NVRA, but also

6    that this Court enjoin City Ordinance No. 2019-02-05-1403. Plaintiff has set forth no facts or

7    legal basis for this Court to enjoin the Ordinance and Plaintiff's demand that this Court do so

8    must be dismissed.

9        Plaintiff's Complaint cannot be amended to state a cognizable violation. The City and

10   Christian Clegg must therefore be dismissed from this action with prejudice.

11   **II.    AUTHORITY TO BRING RULE 12 MOTION TO DISMISS**

12       The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal

13   sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581

14   (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence

15   of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*,

16   901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim

17   to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

18   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

19   draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.*

20   *Iqbal*, 556 U.S. 662, 678 (2009).

21       In order to survive dismissal a complaint must contain more than just "naked assertions"

22   or "a formulaic recitation of the elements of a cause of action"; a complaint should contain either

23   direct or inferential allegations with respect to each material element necessary to sustain

24   recovery. *Bell Atl. Corp. v. Twombly*, supra, 550 U.S. at 555-557, 562-563. The complaint must

25   moreover have sufficient factual allegations "to raise a right to relief above the speculative level."

26   Id., at 555.

27   ///

28   ///

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

1   While Rule 8(a) does not require detailed factual allegations, "it demands more than an

2   unadorned the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, supra, 556 U.S.

3   at 678. This demands a presentation of factual allegations sufficient to state a plausible claim for

4   relief, where merely the possibility of misconduct falls short of meeting this plausibility standard.

5   *Ashcroft v. Iqbal*, supra, 556 U.S. at 678-679 (2009); *Moss v. U.S. Secret Service*, 572 F.3d 962,

6   969 (9th Cir.2009). A district court is not bound by allegations that are merely conclusory.

7   *Ashcroft v. Iqbal*, supra, 556 U.S. at 679. Finally, it is inappropriate to assume that the plaintiff

8   "can prove facts which it has not alleged or that the defendants have violated the… laws in ways

9   that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of*

10  *Carpenters*, 459 U.S. 519, 526 (1983).

11  Standing pertains to the court's subject-matter jurisdiction and thus is properly raised in a

12  Rule 12(b)(1) motion to dismiss. *See Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115,

13  1121–1122 (9th Cir. 2010). A defendant's Rule 12(b)(1) jurisdictional attack can be either facial

14  or factual. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). "A 'facial' attack asserts that a

15  complaint's allegations are themselves insufficient to invoke jurisdiction, while a 'factual' attack

16  asserts that the complaint's allegations, though adequate on their face to invoke jurisdiction, are

17  untrue." *Courthouse News Serv. v. Planet*, 750 F.3d 776, 780, n.3 (9th Cir. 2014).

18  **III.    ARGUMENT**

19          **A.    Plaintiff Has No Standing Under Rule 12(b)(1) To Sue The City of Stockton**
               **For An Alleged Violation Of 52 U.S.C. § 20507**
20

21  "In essence the question of standing is whether the litigant is entitled to have the court

22  decide the merits of the dispute or of particular issues." *Warth v. Seldin*, 422 U.S. 490, 498

23  (1975).  "To satisfy the 'case' or 'controversy' requirement of Article III, which is the

24  'irreducible constitutional minimum' of standing, a plaintiff must, generally speaking,

25  demonstrate that he has suffered 'injury in fact,' that the injury is 'fairly traceable' to the actions

26  of the defendant, and that the injury will likely be redressed by a favorable decision." *Bennett v.*

27  *Spear*, *supra* 520 U.S. at 162 (*quoting Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–561

28  (1992)). The question of standing is not subject to waiver. *United States v. Hays*, 515 U.S. 737,

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

1  742 (1995). The United States Supreme Court has held that in order to have standing a

2  generalized grievance against allegedly illegal governmental conduct is insufficient. *Hays*, 515

3  U.S. at 742-743.

4          Here, Plaintiff's Complaint shows that he lacks every requisite element of standing as to

5  the City. Firstly, Plaintiff has no concrete or particularized injury. Plaintiff concedes he has not

6  even begun his attempt to acquire petition signatures to put a repeal of the newly passed

7  ordinance on any local ballot. Plaintiff's claimed injury is only that his "confidence in this

8  constitutional process" will be affected. (Complaint, ¶28.) The injury requirement for standing

9  must be actual or imminent, and **not conjectural or hypothetical**. *Bennett, supra* at 167.

10 Plaintiff's injury is purely speculative and hypothetical; thus, he has no standing.

11         Plaintiff furthermore complains of conduct that is simply not traceable to the City, nor

12 that which can be redressed by the City, further eviscerating his standing to sue the City. Plaintiff

13 seeks an injunction requiring that the City comply with the NVRA and update and/or purge voter

14 registration lists. This, the City simply cannot do because the City has no legal authority or

15 obligation to ensure compliance with the voter registration requirements of the NVRA. Rather,

16 the Secretary of State is the chief state elections official responsible for coordination of the state's

17 responsibilities under the NVRA. See Cal. Elec. Code § 2402. The City is not responsible for

18 maintaining any voter registration or the procedures for voter registration under the NVRA and

19 the City is powerless to act upon Plaintiff's complaint. No conduct is traceable to the City and the

20 City cannot redress Plaintiff's issues.

21         The City and Christian Clegg, sued only in his official capacity, must therefore be

22 dismissed with prejudice. Plaintiff lacks standing to sue the City for alleged violations of

23 subdivision (a)(4) of 52 U.S.C. § 20507. This legal deficiency cannot be remedied by any

24 amendment. Leave to amend can be properly denied based upon futility and should be denied

25 here. *See Carvalho v. Equifax Info. Servs*., LLC, 629 F.3d 876, 892 (9th Cir.2010).

26 ///

27 ///

28 ///

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

1    **B.    Plaintiff Failed To Give Statutory Notice Under 52 U.S.C. § 20510(b)**

2    Under 52 U.S.C. § 20510(b), notice is a general prerequisite to bring suit under the

3    NVRA, subject to certain limitations concerning the timing or discovery of violations and the

4    occurrence of an election for Federal office. 52 U.S.C. § 20510(b) states:

5    "(1) A person who is aggrieved by a violation of this chapter may provide written
     notice of the violation to the chief election official of the State involved.

6
     (2) If the violation is not corrected within 90 days after receipt of a notice under
7    paragraph (1), or within 20 days after receipt of the notice if the violation occurred
     within 120 days before the date of an election for Federal office, the aggrieved
8    person may bring a civil action in an appropriate district court for declaratory or
     injunctive relief with respect to the violation.

9
     (3) If the violation occurred within 30 days before the date of an election for
10   Federal office, the aggrieved person need not provide notice to the chief election
     official of the State under paragraph (1) before bringing a civil action under
11   paragraph (2)."  52 U.S.C. § 20510(b).

12   Plaintiff's Complaint was filed on May 21, 2019 and he does not allege to have given

13   notice of the alleged NVRA violations to any of the named entities in his Complaint at any time.

14   (See Doc. 1.) Other circuits have held that the notice provision of the NVRA is mandatory, not

15   permissive, and is fatal to a suit under the NVRA if not done. *See Scott v. Schedler*, 771 F.3d

16   831, 835-836 (5th Cir. 2014). The Ninth Circuit has not specifically addressed whether the notice

17   provision of the NVRA is mandatory rather than permissive, however, the Ninth Circuit in *Nat'l*

18   *Council of La Raza v. Cegavske*, 800 F.3d 1032 detailed how the notice provision can be

19   complied with. See *Cegavske*, *supra* 800 F.3d at 1044. *See also Arizona Democratic Party v.*

20   *Reagan*, No. CV-16-03618-PHX-SPL, 2016 WL 6523427, at *14 (D. Ariz. Nov. 3, 2016)

21   ("Whether notice is required and how long the person must wait to file suit after providing notice

22   is contingent on the timing of the next federal election.")

23   This Court should follow the Fifth Circuit's holding in *Scott* and require the notice

24   provision be mandatory. It is antithetical to the purpose of 52 U.S.C. § 20510(b) stating that

25   notice should be given to allow an entity an opportunity to remedy the issue, where here Plaintiff

26   never provided any notice concerning the supposed violations prior to filing suit. This is

27   especially so in light of the fact that under the circumstances of Plaintiff's lawsuit, which was

28   filed on May 21, 2019, Plaintiff could have easily complied with the notice requirement because

1    this action was not brought within 30 days of a federal election. Plaintiff's action should be

2    dismissed for failing to provide notice prior to bringing suit pursuant to 52 U.S.C. § 20510(b).

3    **C.    52 U.S.C. § 20507 Provides No Legal Mechanism To Address Plaintiff's Issues Obtaining Petition Signatures For A Local Ballot**

4

5    The crux of Plaintiff's Complaint is that he believes he will be unsuccessful in the future

6    to obtain signatures for his petition to put an initiative on a local ballot because of the lack of

7    updated voter registration records. Plaintiff's issue, however, is simply not one that the NVRA is

8    intended to address and does not provide him a legal mechanism to obtain an injunction against

9    the City, either as to the NVRA or as to the newly passed City ordinance.

10   The legislative intent of the NVRA, as set forth in 52 U.S.C. § 20501 is:

11   "The Congress finds that--

12   (1) the right of citizens of the United States to vote is a fundamental right;

13   (2) it is the duty of the Federal, State, and local governments to promote the exercise of that right; and

14

15   (3) discriminatory and unfair registration laws and procedures can have a direct and damaging effect on voter participation *in elections for Federal office* and disproportionately harm voter participation by various groups, including racial

16   minorities.

17   (b) Purposes

18   The purposes of this chapter are--

19   (1) to establish procedures that will increase the number of eligible citizens who register to vote *in elections for Federal office*;

20

21   (2) to make it possible for Federal, State, and local governments to implement this chapter in a manner that enhances the participation of eligible citizens as voters *in elections for Federal office*;

22

23   (3) to protect the integrity of the electoral process; and

24   (4) to ensure that accurate and current voter registration rolls are maintained."
     52 U.S.C. § 20501 (*emphasis added*).

25   Here, Plaintiff's Complaint simply does not allege any electoral impropriety in voter

26   registration or procedures in elections for *federal office.* Plaintiff's Complaint blames his

27   speculative and prospective inability to locate registered voters to sign his future petition in order

28   ///

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

1    to drum up support to combat a newly enacted City ordinance on inappropriately maintained

2    voter registration records. Plaintiff seeks to redress a local, as opposed to a federal issue.

3            A voter registration list is a document physically incapable of signing a petition on behalf

4    of the persons named on the list, and anyone Plaintiff conceivably comes into contact with within

5    the City could be asked whether they are a registered voter and whether they want to sign his

6    petition concerning this local issue. The stated statutory purpose of the NVRA is to eliminate

7    unfair registration laws that can affect voter participation in elections for *federal* office and to

8    establish procedures to increase eligible citizens who vote in elections for *federal* office.

9            Plaintiff's hypothetical scenario that he, in the future, will be unable to obtain petition

10   signatures for a local ballot issue is not within the scope or purpose of the NVRA to remedy.

11   Thus, the NVRA does not provide Plaintiff legal authority to obtain an injunction as to these

12   alleged NVRA claims.

13           **D.     Plaintiff's Demand For An Injunction Stopping City Ordinance
                       No. 2019-02-05-1403 Must Be Dismissed Because There Are No Facts Or
14                     Legal Basis For The Court To Do So**

15           Plaintiff's allegations and single legal claim pled in the Complaint concern an alleged

16   violation of subdivision (a)(4) of 52 U.S.C. § 20507. Plaintiff does not set forth any facts nor any

17   legal claim as to City Ordinance No. 2019-02-05-1403. Notwithstanding this, Plaintiff has

18   demanded that the Court enjoin the Ordinance. (See Complaint, prayer for relief at pp. 7-8.)

19   There is no legal or factual basis for Plaintiff's demand and it too must be dismissed. *See Bell Atl.*

20   *Corp. v. Twombly, supra*, 550 U.S. at 555-557 (a complaint must contain more than just naked

21   assertions or a formulaic recitation of the elements of a cause of action; and must have sufficient

22   factual allegations to raise a right to relief above the speculative level).

23           Moreover, the ordinance is lawful. California Health and Safety Code section 5473

24   expressly provides that municipalities, by ordinance, can elect to have certain sewer and

25   sanitation charges collected on the tax roll in the same manner, by the same persons, and at the

26   same time as, together with and not separately from, its general taxes. Additionally, similar

27   ordinances have withstood judicial scrutiny. *See e.g. Souza v. Westlands Water Dist.*, 135

28   Cal.App.4th 879, 887-890, 38 Cal.Rptr.3d 78, 85 (2006) (Water district could impose assessment

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

1  for unpaid water charges against landowners' land pursuant to statute, which became a lien

2  against the land where relevant statute did not provide that the validity of the assessment

3  depended on whether the charges were incurred by an owner or a tenant).

4  **IV.   CONCLUSION**

5      Based on the applicable law as it applies to Plaintiff's operative Complaint (Doc. 1), the

6  City and Christian Clegg respectfully request that the Court grant this Motion and grant the

7  requested relief:

8      Plaintiff's claim for relief under 52 U.S.C. § 20507 against the City and Christian Clegg

9  is hereby DISMISSED; and

10     The dismissal of Plaintiff's claim for relief under 52 U.S.C. § 20507 as to the City and

11  Christian Clegg is WITH PREJUDICE AND WITHOUT LEAVE TO AMEND BASED ON

12  FUTILITY.

13  Dated: June 10, 2019                            JOHN M. LUEBBERKE
                                                    CITY ATTORNEY
14

15                                                  BY ___/s/ Jamil R. Ghannam_____
                                                        JAMIL R. GHANNAM
16                                                      DEPUTY CITY ATTORNEY

17                                                      Attorneys for Defendants
                                                        CITY OF STOCKTON and
18                                                      CHRISTIAN CLEGG

19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS