JOHN M. LUEBBERKE, City Attorney
State Bar No. 164893
JAMIL GHANNAM, Deputy City Attorney
State Bar No. 300730
425 N. El Dorado Street, 2nd Floor
Stockton, CA  95202
Telephone: (209) 937-8333
Facsimile: (209) 937-8898

Attorneys for Defendants
CITY OF STOCKTON and CHRISTIAN CLEGG

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALHP LEE WHITE, | Case No. 2:19-CV-00913-JAM-EFB |
| Plaintiff, | **DECLARATION OF JAMIL R. GHANNAM** |
| vs. | *Fed.R.Civ.Proc. 12(b)(1), 12(b)(6)* |
| CITY OF STOCKTON, et al., | Date:  July 17, 2019 |
| Defendants. | Time: 10:00 a.m. |
| | Courtroom: 8, 13th Floor |
| | Judge: Hon. Edmund F. Brennan |

I, Jamil R. Ghannam, hereby declare as follows:

1.      That I am a Deputy City Attorney for the City of Stockton, and counsel of record for Defendants City of Stockton and Christian Clegg in the above-entitled matter.

2.      That I am a member of the State Bar of California and admitted to practice law in all courts of the State of California, the United States District Court for the Eastern District of California, Northern District of California, and the United States Court of Appeals for the Ninth Circuit.

3.      The City and Christian Clegg, via the undersigned counsel, has engaged in meet and confer efforts by way of written correspondence to the Plaintiff on May 22, 2019 to his address of record. Plaintiff in submitted a responsive correspondence on June 4, 2019. A true and correct copy of each correspondence is attached hereto as Exhibit A. Plaintiff and the undersigned counsel additionally met and conferred in person on June 4, 2019 concerning the

1

1  case and each parties respective positions. After discussing the issues raised in Defendants'

2  Motion, the parties were unable to reach a resolution and so the City requests the Court resolve

3  the matter.

4      I declare under penalty of perjury under the laws of the State of California that the

5  foregoing is true and correct.

6      Executed on June 10, 2019, at Stockton, California.

7

8      /s/ Jamil R. Ghannam
       JAMIL R. GHANNAM
9      DEPUTY CITY ATTORNEY

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF JAMIL R. GHANNAM

# EXHIBIT A



**CITY OF STOCKTON**
OFFICE OF THE CITY ATTORNEY
CITY HALL
425 NORTH EL DORADO STREET
STOCKTON, CA 95202-1997
TELEPHONE  (209) 937-8333
FACSIMILE  (209) 937-8898

May 22, 2019

_Via U.S. Mail_
Ralph Lee White
2201 E. Eighth Street
Stockton, CA 95206
Ralphwhite@aol.com

Re:   ***Ralph Lee White v. Christian Clegg, et al.***
      **U.S.D.C. Eastern District Case No. 2:19-CV-913-JAM-EFB**

Please allow this correspondence to satisfy Honorable John Mendes' meet and confer requirements prior to the filing of any motion. We are in receipt of your Summons and Complaint for Declaratory and Injunctive Relief against Christian Clegg[1] and the City of Stockton. In order to avoid unnecessary law and motion, we ask that you dismiss this action as to Christian Clegg and the City immediately. If Christian Clegg and the City are not dismissed from the above entitled lawsuit on or before June 4, 2019, the City will file a Rule 12 motion to dismiss and request the action be dismissed with prejudice.

While we agree that you have properly pled that the United States District Court has subject matter jurisdiction and that venue in the Eastern District of California is a proper venue, the remainder of the Complaint fails to state a cognizable claim against the City. Your Complaint demands that the City "conduct a purge of the voter lists affecting the City of Stockton..." Further in your Complaint you state that "San Joaquin County is failing to properly conduct the list maintenance required by the NVRA…" Your legal claim in the Complaint is that the City has violated 52 U.S.C. § 20507(a)(4).

Unfortunately, you are requesting that the City do something where it has no legal duty or authority to do so.

Under the Elections Code, the City is not responsible for coordination of responsibilities under the National Voter Registration Act ("NVRA") of 1993 (52 U.S.C. § 20501 et seq.); that responsibility falls upon the Secretary of State,

---

[1] Clegg is sued in his official capacity, which is simply another way of suing the entity that employs him, the City, which is already named as a defendant.

Ralph Lee White
Re: *Ralph Lee White v. Christian Clegg, et al.*
May 22, 2019
Page 2

which is an agency of the State of California. You have no cognizable claim against the City and the City can in no way redress the alleged harms you have set forth in the Complaint.

Moreover, prior to bringing this action you did not comply with the statutory notice requirements mandated by the NVRA.

Lastly, we note that the NVRA could not in any event provide you your requested relief. The purpose of the NVRA is to eliminate unfair registration laws that can affect voter participation in elections for *Federal* office and to establish procedures to increase eligible citizens who vote in elections for *Federal* office. Your Complaint does not allege any electoral impropriety in voter registration or procedures in elections for Federal office.

We make no representation concerning the viability of any claim you may have pled against any other government entity; however, it is quite clear that the City must be dismissed. If Christian Clegg and the City are not dismissed from the above entitled lawsuit on or before June 4, 2019, the City will file a Rule 12 motion to dismiss and request the action be dismissed with prejudice. Please do not hesitate to contact the undersigned should you have any concerns.

JOHN M. LUEBBERKE
CITY ATTORNEY

BY _____
JAMIL R. GHANNAM
DEPUTY CITY ATTORNEY

JRG:nn

# RALPH LEE WHITE

2201 E. Eighth Street
Stockton, CA 95206
(209) 271-2466

June 4, 2019

Jamil R. Ghannam
Deputy City Attorney
425 N. El Dorado Street
Stockton, CA. 95202

**Re: Ralph Lee White v. Christian Clegg et.al.**
   **U.S.D.C. Eastern District Case No. 2:19-CV-913-JAM-EFB**

Thank you for your communication dated May 22, 2019 regarding the court's meet and confer requirements in this matter. In an attempt to further comply with this requirement please accept the following response.

1.  While I understand the concept that generally under the NVRA the likely defendants in this action would be the State of California and the County of San Joaquin through their respective election officials, my position regarding the City of Stockton is based on its status as a Charter Law city as distinguished from a general law city. Under the Stockton City Charter with respect to its elections for city officials, for recalls, and for initiatives and referendums the City controls the election requirements under home-rule principles subject only to state law where appropriate. It specifically states in Article IX Section 900 that the Elections Code of the State of California applies to the initiative and referendum powers "except in so far as they are not in conflict with the provisions of this Charter". The City itself actually controls this voting requirement and we the voters are subject to the City's dictates therein.  With respect to initiatives which I have alleged in my referenced complaint in Federal Court, Article IX Section 900 of the City Charter specifically reserves "for the *voters* of the City the powers of the initiative and the referendum". I am a voter of the City of Stockton as are others who if lawfully registered are entitled to vote on an initiative lawfully filed with and reviewed by the City Clerk, as its election official pursuant to Article XIV Section 1400 (f) of the Charter. In addition, the City Attorney does review a lawfully filed initiative for an independent analysis. The City itself in its Charter at Article IX Section 902 sets forth the number of lawful signatures needed to qualify for the initiative ballot, in this case 10% or 5% if placed on the ballot by the City Council. The City sets forth its own parameters for the qualification of ballot

initiatives as it does for recalls of elected officials. As such here it actually does by its own provisions directly impact the local voter regardless of State provisions

Pursuant to the Charter Article IX Section 902 it is the City Clerk and not the County registrar of voters which reviews the signatures itself for qualification, albeit based on the last official report of registration obtained from the County Clerk. Based on this requirement not only is it necessary that the official voter registration report be accurate and up to date but the local voter must also rely on its own City Clerk to verify signatures and names submitted to it in this process. The City of Stockton therefore is not at all removed from the voting process regarding its local elections but its requirements under the Charter make it necessary that the entire registration and voting process for local elections pursuant to home rule and the City Charter be accurate.

2. Regarding the statutory notice provisions of 52 USC section 20510 it appears to me that there is no mandatory language therein requiring notice but the language specifically states that " A person aggrieved by a violation of this chapter **may** provide written notice ...to the chief election official of the state involved." The Stockton City Clerk is not the chief election official of the state. Also as stated, the language is not mandatory. In addition the Secretary of State has adequately been put on statewide notice, or it is believed he has been as a result of the very recent and settled case of *Judicial Watch et. al. v .Dean Logan et.al.* case referenced in my complaint.


3. I have also complained in my action in the Federal Court that I believe that the City of Stockton does not have the power to lien a landlord's property because a tenant failed to pay a water bill to California Water Service. While the City statedly relies on California Health and Safety Code Section 5473 sections 5470 and 5471 seem to indicate that it may only do so for "its" utilities and does not make reference to privately owned utilities except that it may collect the fees on their behalf. I do not see a provision for placing a lien on the landlords' property as it might for a bill from its own utility. This is the purpose for the filing of this action. It is my right to have this ordinance repealed by the voters in Stockton and their right to vote thereon. Without a proper and up-to-date voter registration report which the City must use as a result of its own Charter requirements the voters in this city may be disenfranchised because of a flawed or out of date voter registration report in this County used by the city to validate voter requirements under the Charter.

I am willing to discuss this matter more fully at a convenient time for you in order to more fully seek meet and confer requirements of the Federal Court.

Respectfully,

Ralph Lee White

Tools ▾   Links ▾   🔍   ◀   ▶

Stockton Municipal Code,
Charter, and Civil Service Rules
Stockton, California



Current through Ordinance
2019-03-05-1501 and the April
2019 code supplement. For
more recent amendments to
this code, refer to the CodeAlert
page.

This document is provided for
informational purposes only.
Please read the full disclaimer.

The official print edition of the
Stockton Code is now published
by Quality Code Publishing.
Please call 800-328-4348 to
subscribe.

- Main Table of Contents
- Search
- Ordinance List
- Prior Code Table
- Statutory References
- CodeAlert - Recently
  Passed Ordinances

**Links:**

- Stockton, California -
  Home Page
- Stockton Council Policy
  Manual

**Contact:**

City Clerk: (209) 937-8459

## Stockton Municipal Code, Charter, and Civil Service Rules

### THE CHARTER OF THE CITY OF STOCKTON

### ARTICLE XIV THE CITY CLERK

#### SECTION 1400. Duties.

The City Council shall appoint the City Clerk who shall serve at its pleasure. The Clerk shall appoint all other members of the department. It shall be the duty of the City Clerk to:

(a)   Attend all meetings of the Council either in person or by deputy, and be responsible for the recording and maintaining of a record of all the actions of the Council.

(b)   Be responsible for all books, papers, records, contracts, and archives belonging to the City, or to any department thereof, not in actual use by other officers or otherwise committed to their custody.

(c)   Keep all records of the Council and of the office of the City Clerk in such manner that the information contained therein will be readily accessible and open to the public as required by law until such time as any of the records may be destroyed or reproduced and the original thereof destroyed, in accordance with applicable law.

(d)   Be the custodian of the seal of the City.

(e)   Administer oaths or affirmations, take affidavits and depositions pertaining to the affairs of the business of the City and certify copies of the official records.

(f)   Have charge of all City elections.

(g)   Be responsible for the publication of all official advertising of the City.

(h)   Perform such other duties consistent with this Charter as may be required by action of the Council.

(Amended Election 10/12/71 effective 12/6/71; Amended Election 11/8/94 effective 5/22/95)

---

\*   **Historical Notes:**
Section 2\*\*: Repealed Election 11/8/94 effective 5/22/95.
Section 3\*\*: Amended Election 10/12/71 effective 12/6/71; Repealed Election 11/8/94 effective 5/22/95.
Section 4\*\*: Repealed Election 11/8/94 effective 5/22/95.
Section 5\*\*: Repealed Election 10/12/71 effective 12/6/71.
Section 6\*\*: Repealed Election 11/8/94 effective 5/22/95.
Section 7\*\*: Amended Election 11/4/86 effective 12/9/86; Repealed Election 11/8/94 effective 5/22/95.
\*\*  These section numbers refer to a numbering system that was in place prior to the Election of 11/8/94.

View the desktop version.

Published by Quality Code Publishing, Seattle, Washington.



**THE CHARTER OF THE CITY OF STOCKTON**
**ARTICLE IX INITIATIVE AND REFERENDUM ELECTION CODE GOVERNS**

**SECTION 900. Provisions.**

There is hereby reserved to the voters of the City the powers of the initiative and the referendum. The provisions of the Elections Code of the State of California, as they now exist or may hereafter be amended, governing the initiative and referendum in cities, shall apply to the use thereof in the City so far as they are not in conflict with the provisions of this Charter.

(Amended Election 10/12/71 effective 12/6/71; Amended Election 10/14/47 effective 3/3/48)

View the mobile version

---

**Stockton Municipal Code, Charter, and Civil Service Rules**

Stockton, California

Current through Ordinance 2019-03-05-1501 and the April 2019 code supplement. For more recent amendments to this code, refer to the CodeAlert page.

This document is provided for informational purposes only. Please read the full disclaimer.

The official print edition of the Stockton Code is now published by Quality Code Publishing. Please call 800-328-4348 to subscribe.

- Main Table of Contents
- Search
- Ordinance List
- Prior Code Table
- Statutory References
- CodeAlert - Recently Passed Ordinances

**Links:**

- Stockton, California - Home Page
- Stockton Council Policy Manual

**Contact:**

City Clerk: (209) 937-8459

Stockton Municipal Code,
Charter, and Civil Service Rules

Stockton, California



Current through Ordinance 2019-
03-05-1501 and the April 2019
code supplement. For more recent
amendments to this code, refer to
the CodeAlert page.

This document is provided for
informational purposes only.
Please read the full disclaimer.

The official print edition of the
Stockton Code is now published
by Quality Code Publishing.
Please call 800-328-4348 to
subscribe.

- Main Table of Contents
- Search
- Ordinance List
- Prior Code Table
- Statutory References
- CodeAlert - Recently Passed
  Ordinances

**Links:**

- Stockton, California - Home
  Page
- Stockton Council Policy Manual

**Contact:**

City Clerk: (209) 937-8459



THE CHARTER OF THE CITY OF STOCKTON
ARTICLE IX INITIATIVE AND REFERENDUM ELECTION CODE GOVERNS

**SECTION 902. Actions of City Council if Signatures at Least Ten Percent.**

If the initiative petition is signed by voters of the City equal in number to at least ten percent (10%) of the total number of voters of the City according to the last official report of registration by the County Clerk of the County of San Joaquin to the Secretary of State of California, the City Council shall either:

(a)    Introduce the ordinance without alteration at the regular meeting at which it is presented and adopt the ordinance within fourteen (14) days after it is presented; or

(b)    Immediately order a special election, to be held within the time set forth in the Elections Code of the State of California, at which the ordinance, without alteration, shall be submitted to the voters of the City.
(Amended Election 03/04/03 effective 04-02-03; Amended Election 10/12/71 effective 12/6/71)

View the mobile version.

**Stockton Municipal Code, Charter, and Civil Service Rules**

Stockton, California



Current through Ordinance 2019-03-05-1501 and the April 2019 code supplement. For more recent amendments to this code, refer to the CodeAlert page.

This document is provided for informational purposes only. Please read the full disclaimer.

The official print edition of the Stockton Code is now published by Quality Code Publishing. Please call 800-328-4348 to subscribe.

- Main Table of Contents
- Search
- Ordinance List
- Prior Code Table
- Statutory References
- CodeAlert - Recently Passed Ordinances

**Links:**

- Stockton, California - Home Page
- Stockton Council Policy Manual

**Contact:**

City Clerk: (209) 937-8459



THE CHARTER OF THE CITY OF STOCKTON
ARTICLE IX INITIATIVE AND REFERENDUM ELECTION CODE GOVERNS

**SECTION 903. Actions by City Council if Signatures at Least Five Percent.**

If the initiative petition is signed by voters of the City equal in number to at least five percent (5%) of the total number of voters of the City according to the last official report of registration by the County Clerk of the County of San Joaquin to the Secretary of State of the State of California, and the ordinance petitioned for is not required to be, or for any reason is not, submitted to the voters at a special election, and is not passed without change by the City Council, then the ordinance, without alteration, shall be submitted by the City Council to the voters at the next general municipal election occurring at least forty-five (45) days after the order of the City Council.

(Added Election 10/12/71 effective 12/6/71)

View the mobile version.