OFFICE OF THE COUNTY COUNSEL
County of San Joaquin
J. MARK MYLES, CSB #200823
County Counsel
JASON R. MORRISH, CSB # 192686
Deputy County Counsel
ERIN H. SAKATA, CSB #290118
Deputy County Counsel
44 N. San Joaquin Street, Suite 679
Stockton, California 95202
Telephone: 209/468-2980
Facsimile: 209/468-0315

Attorneys for Defendant,
  MELINDA DUBROFF

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO BRANCH

| | |
|---|---|
| RALPH LEE WHITE, individually,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTIAN CLEGG, in his official capacity as Interim City Clerk for the City of Stockton; CITY OF STOCKTON, a municipal corporation; MELINDA DRUBOFF, in her official capacity as Registrar of Voters for the County of San Joaquin; ALEX PADILLA, in his official capacity as the Secretary of State for California.<br><br>Defendants. | CASE NO. 2:19-CV-913 JAM EFB PS<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT MELINDA DUBROFF'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**<br><br>Date: July 17, 2019<br>Time: 10:00 a.m.<br>Magistrate Judge: Hon. Edmund F. Brennan<br>Courtroom: 8 (13th Floor)<br>Trial Date: None Set. |

Pursuant to the Federal Rules of Civil Procedure, Rule 12(b)(1) and 12(b)(6), Defendant MELINDA DUBROFF, mistakenly sued herein as MELINDA DRUBOFF (hereafter "Registrar") through her undersigned counsel, respectfully moves this Court for an order dismissing Plaintiff RALPH LEE WHITE'S (hereafter "Plaintiff") Complaint for Declaratory and Injunctive Relief (hereinafter "Complaint") due to lack of subject matter jurisdiction and Plaintiff's failure to state a claim upon which relief can be granted.

1

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................................ 2

TABLE OF AUTHORITIES ......................................................................................................... 3

I. PRELIMINARY STATEMENT ................................................................................................ 5

II. SUMMARY OF PLAINTIFF'S ALLEGATIONS ................................................................... 5

III. LEGAL STANDARD ............................................................................................................. 7

IV. ARGUMENT ........................................................................................................................... 9

    A. The Court should dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure, Rule 12(b)(1) for lack of subject matter jurisdiction .............................................. 9

        1. Plaintiff has no standing to bring this matter to the Court for adjudication .................... 9

        2. Plaintiff's claims are not ripe for adjudication by the Court ......................................... 10

    B. The Court should dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6) as it lacks a cognizable legal theory or sufficient facts to  support a cognizable legal theory .................................................................................................................. 12

        1. Plaintiff lacks statutory standing pursuant to the NVRA to pursue this matter   against the Registrar ........................................................................................................................ 12

            a. Plaintiff failed to comply with the statutory notice requirements imposed by the NVRA .................................................................................................................................... 12

            b. Plaintiff as a proponent of a referendum initiative is not a person protected by the NVRA .................................................................................................................................... 13

            c. The NVRA does not apply to state or municipal registration or ballot  questions, such as Plaintiff's claims, without a federal component .......................................................... 14

        2. Plaintiff has failed to allege sufficient facts to support his claim that the Registrar violated the "list maintenance requirements" imposed by the NVRA ............................... 15

    C. Plaintiff's referendum petition is barred by California Elections Code Section 9237 ...... 16

V. CONCLUSION ....................................................................................................................... 17

2

Memorandum of Points and Authorities In Support of Motion to Dismiss Plaintiff's Complaint Pursuant to FRCP 12(b)(1) and 12(b)(6)

# TABLE OF AUTHORITIES

## CASES

*Allen v. Wright*, 468 S. Ct. 3315 (1984) ..................................................................................... 7
*Ashcroft v. Iqbal*, 556 U.S. 662, 677-679 ..................................................................................... 8
*Bell v. Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557, 570 .................................................. 8
*Bennett v. Spear*, 520 U.S. 154, 167 (1997) ............................................................................ 8, 9
*Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 115, 1122 (9th Cir. 2010) ................. 7, 10
*Day v. McDonough*, 547 U.S. 198, 210 ....................................................................................... 9
*Dobrovolny v. Nebraska*, 100 F. Supp. 2d 2012 ........................................................................ 15
*FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231 (1990) ..................................................................... 9
*Haines v. Kerner*, 404 U.S. 519, 520 .......................................................................................... 8
*Maya v. Centex Corp*. 658 F. 3d 1060, 1067-1068 (9th Cir. 2011) ........................................... 12
*Nat'l Council of La Raza v. Cegavske*, 800 F. 3d 1032, 1035 (2015) ....................................... 13
*Nuveen Mun. Trust ex rel. Nuveen High Yield Mun. Bond Fund v. WithumSmith
      Brown, P.C.*, 692 F.3d 283, 303 ........................................................................................ 8
*Strom v. United States*, 641 F.3d 1051, 1067 .............................................................................. 8

## STATUTES

City Charter Section 900 ............................................................................................................... 6

## OTHER AUTHORITIES

National Voter Registration Act of 1993 ...................................................................................... 5

## RULES

FRCP 8(a)(2) ................................................................................................................................. 8
FRCP 12(b)(6) ................................................................................................................. 5, 12, 17
FRCP 12(b)(1) ................................................................................................................... 5, 9, 17

## CONSTITUTIONAL PROVISIONS

52 U.S.C. § 20507 ............................................................................................................ 5, 13, 14
52 U.S.C. § 20501 ....................................................................................................................... 14
52 U.S.C. § 20501(b) .................................................................................................................. 15
52 U.S.C. § 20507(a)(3)-(4) .......................................................................................................... 7
52 U.S.C. § 20507(d)(2) .................................................................................................. 7, 10, 15
52 U.S.C. § 20507(c)(2) .............................................................................................................. 11
52 U.S.C. § 20510(b) ............................................................................................................ 12, 13
52 U.S.C. § 20510(b)(1) .............................................................................................................. 13
52 U.S.C. § 20520(b)(1)-(2) ....................................................................................................... 13
52 U.S.C. Section 20510(b) ........................................................................................................ 12
Cal. Const. Art. II, § 8(a) ............................................................................................................ 16

3

Memorandum of Points and Authorities In Support of Motion to Dismiss Plaintiff's Complaint Pursuant to FRCP 12(b)(1) and 12(b)(6)

Cal. Const. Art. II, § 9(a) ........................................................................................................... 16
U.S. Const. Art. III, §2 ................................................................................................................ 7

**CODES**

Cal. Elections Code § 9202 ................................................................................................ 10, 11
Cal. Elections Code § 9210 ....................................................................................................... 11
Cal. Elections Code § 9211 ....................................................................................................... 11
Cal. Elections Code § 9237 ................................................................................................ 11, 16
Cal. Elections Code Chapter 3, Articles 1 and 2 ..................................................................... 10
Cal. Elections Code §§ 9207, 9208 .......................................................................................... 11

4

Memorandum of Points and Authorities In Support of Motion to Dismiss Plaintiff's Complaint Pursuant to FRCP 12(b)(1) and 12(b)(6)

## I. PRELIMINARY STATEMENT

Plaintiff's Complaint seeks declaratory and injunctive relief to compel the Registrar to comply with the "list maintenance" and "record production obligations" under Section 8 of the National Voter Registration Act of 1993 (hereinafter "NVRA"). 52 U.S.C. § 20507 et seq. Yet, Plaintiff's Complaint fails to identify with any particularity an injury that is not speculative, a basis for the application of the NVRA to municipal registration or ballot questions, nor how the Registrar's alleged conduct violates the NVRA or impairs Plaintiff's right to vote in an election for federal office.

Instead, Plaintiff makes conclusory allegations against the Registrar in support of his claim that the Registrar "does not have a purged listed of registered voters" and has "failed to conduct a general program that makes a reasonable effort to cancel the registrations of ineligible registrants." According to Plaintiff, ineligible registrants include voters that have moved out of the jurisdiction, become incarcerated, or deceased. However, Plaintiff's Complaint, including the supporting documents attached thereto, is void of any factual basis to support such claim. For the reasons discussed more thoroughly below, Plaintiff cannot maintain this action against the Registrar and the action should be dismissed with prejudice pursuant to Federal Rules of Civil Procedure, Rule 12(b)(1) and 12(b)(6).

## II. SUMMARY OF PLAINTIFF'S ALLEGATIONS

Below is a summary of the material allegations in Plaintiff's Complaint as they may pertain to the claims asserted against the Registrar:

On February 5, 2019, the City of Stockton passed Ordinance No. 2019-02-05-1403 (hereinafter "Ordinance"). (Complaint, ¶8, pages 2-3). Plaintiff seeks to have this Ordinance repealed by utilizing the referendum process and submitting such item to a vote of the people within the jurisdiction of Stockton, California (hereinafter "City"). (Complaint, ¶8, pages 2-3). Although Plaintiff expresses his desire to submit his referendum petition regarding the repeal of the Ordinance to the electors of the City, Plaintiff fails to state what actions he has initiated, if any, in furtherance of such pursuit. Rather, Plaintiff alleges that he requires injunctive relief in the form of an order requiring the Registrar to purge the voter registration lists to bring them up to

5

Memorandum of Points and Authorities In Support of Motion to Dismiss Plaintiff's Complaint Pursuant to FRCP 12(b)(1) and 12(b)(6)

date before he "may pursue a repeal" of the Ordinance. (Complaint, ¶11, page 4).

Plaintiff erroneously cites to the requirements set forth in City Charter Section 902, which requires that, "an *initiative petition* be signed by voters of the City equal in number to at least ten percent (10%) of the total number of voters of the City according to the last official report of registration by the … the County of San Joaquin to the Secretary of State of California" in order for the City Council to either introduce an ordinance at a regular meeting for presentation and adoption thereafter or to immediately order a special election on the ordinance[1]. (Complaint, ¶10, pages 3-4). In reliance upon the requirement set forth in City Charter Section 902, Plaintiff alleges that the "percentage has been affected substantially by those individuals who were once registered but have either left the City of Stockton, have passed away, been incarcerated, or have an erroneous registration." (Complaint, ¶10, page 3-4).

Plaintiff further alleges that he is "personally aware of a significant number of registered voters [within the jurisdiction of the City] that are incarcerated, have moved to another location, or have passed away." Such personal knowledge is based upon Plaintiff's alleged ownership of "a substantial number of rental units" in the City and his receipt of absentee ballots and other voter information at the rental units for individuals that no longer reside in such rental units, as well as Plaintiff's efforts last year to amend the City Charter through the initiative process in which he "canvassed areas" within the City in an effort to obtain petition signatures[2]. (Complaint, ¶10, pages 3-4). As purported evidence of Plaintiff's personal knowledge, Plaintiff attaches a five page printout containing an alleged list of registered voters within the City that "don't live" at the address 2305 El Dorado Street. (See Doc. 1, pp. 10-14).

Based on the forgoing, Plaintiff alleges, in a conclusory manner, that the Registrar "does not have a purged list of registered voters as required by both state and federal law and that [the Registrar] has failed to conduct a general program that makes a reasonable effort to cancel the

---

[1] City Charter Section 900 establishes that the provisions of the California Elections Code govern the initiative and referendum processes within the City in so far as they are not in conflict with the City Charter. Article IX of the City Charter is void of any signature requirement with respect to referendum petitions. Accordingly, California Elections Code Section 9237 shall apply. California Elections Code Section 9237 similarly requires that a referendum petition be signed by not less than ten percent (10%) of the voters of the city according to the county elections official's last report of registration to the Secretary of State.

[2] Plaintiff does not state whether he obtained the requisite number of petition signatures to qualify the amendment for submission to the electors of the City.

6

Memorandum of Points and Authorities In Support of Motion to Dismiss Plaintiff's Complaint Pursuant to FRCP 12(b)(1) and 12(b)(6)

registrations of ineligible registrants." (Complaint, ¶22, page 5). Accordingly, the Registrar is allegedly "failing to properly conduct the list maintenance required by the NVRA." (Complaint, ¶26, page 6).

Lastly, with respect to the applicability of the NVRA to Plaintiff's present claims, Plaintiff acknowledges that once a person is properly registered to vote, the NVRA only permits a state to remove him or her from the voting list for narrowly specified reasons. (52 U.S.C. §20507(a)(3)-(4)). (Complaint, ¶14, page 4). Moreover, with respect to the removal of persons who have moved, voters may not be removed from the list unless (1) they confirm in writing that they have moved outside of the jurisdiction or (2) they do not respond to the notice and do not vote in a federal election during the two-year period beginning on the date they were mailed the notice. (52 U.S.C. §20507(d)(2)). (Complaint, ¶15, page 4). Plaintiff does not claim that he has been aggrieved by the Registrar's alleged violation of the NVRA as a voter. Instead, Plaintiff pursues injunctive relief as the proponent of a referendum to repeal the City's Ordinance. (Complaint, ¶¶ 8 and 11, pages 2-3 and 4). Similarly, Plaintiff does not claim that he has been injured, or will suffer irreparable injury as a result of the Registrar's alleged violation of the NVRA. Instead, the only injury that Plaintiff claims to have endured is that "his confidence in this constitutional process" will be affected. (Complaint, ¶28, pages 6-7).

### III. LEGAL STANDARD

Federal courts may adjudicate only actual cases or controversies; they may not render advisory opinions. U.S. Const. Art. III, §2. The Article III case or controversy requirement limits federal courts' subject matter jurisdiction by requiring, inter alia, that plaintiffs have standing and that the claims be "ripe" for adjudication. _Allen v. Wright_, 468 S. Ct. 3315 (1984). Accordingly, "standing" and "ripeness" are properly challenged by a Rule 12(b)(1) motion to dismiss. _Chandler v. State Farm Mut. Auto. Ins. Co._, 598 F.3d 115, 1122 (9th Cir. 2010). Standing addresses whether the plaintiff is the proper party to bring the matter to the court for adjudication. _Id._ Pursuant to the standing requirements imposed by Article III, a plaintiff must show that[3] (1)

---
[3] The party asserting federal subject matter jurisdiction bears the burden of proving its existence. _Chandler v. State Farm Mut. Auto Ins. Co., supra_ at 1122.

7

he or she has suffered a "concrete and particularized" injury to a cognizable interest, (2) which is "fairly traceable to the challenged action of the defendant" and (3) which likely can be redressed by a favorable decision. *Bennett v. Spear*, 520 U.S. 154, 167 (1997).  The related doctrine of ripeness is a means by which federal courts may dispose of matters that are premature for review because the plaintiff's purported injury is too speculative and may never occur. *Chandler v. State Farm Mut. Auto Ins. Co.*, *supra* 598 F.3d at 1122.

Federal Rules of Civil Procedure, Rule 12(b)(6) tests the legal sufficiency of the claims stated in the complaint. *Strom v. United States*, 641 F.3d 1051, 1067 (9th Cir. 2011).  The legal sufficiency of a complaint is measured by whether it meets the pleading standards set forth in Federal Rules of Civil Procedure.  Under Rule 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  To do so, a complaint must give Defendants "fair notice of what the claim is and the grounds upon which it rests" and allege "enough facts to state a claim to relief that is plausible on its face." *Bell v. Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557, 570 (2007).

To satisfy the pleading requirements under Rule 8, a plaintiff must provide "factual allegations" that raise a right to relief above the speculative level" to the "plausible level." *Bell Atlantic Corp. v. Twombly*, supra at 556-557; *Ashcroft v. Iqbal*, 556 U.S. 662, 677-679 (2009). Such a showing requires "more than labels and conclusions."  Rather, the complaint must be supported by "factual allegations." *Ashcroft v. Iqbal, supra* at 679.  In addition, plaintiff is required to "demonstrate the plausibility, as opposed to the conceivability, of their causes of action in the complaint." *Nuveen Mun. Trust ex rel. Nuveen High Yield Mun. Bond Fund v. WithumSmith Brown, P.C.*, 692 F.3d 283, 303 (3rd Cir. 2012).  Plausibility is not "akin" to probability, "but it asks for more than a sheer possibility that a defendant has acted lawfully." *Aschcroft v. Iqbal*, supra at 678.

Although complaints drafted by pro se complainants are held to less stringent standards than attorney-drafted pleadings, such pleadings must still meet some minimum threshold of providing a defendant with notice of what it is that they allegedly did wrong. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  That said, the Supreme Court has made it clear that the Court has "no

obligation to act as counsel or paralegal to pro se litigants." *Day v. McDonough*, 547 U.S. 198, 210 (2006).

## IV. ARGUMENT

**A.    The Court should dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure, Rule 12(b)(1) for lack of subject matter jurisdiction.**

### 1.    Plaintiff has no standing to bring this matter to the Court for adjudication.

Pursuant to the standing requirements of Article III, Plaintiff must show that (1) he has suffered a "concrete and particularized" injury to a cognizable interest, (2) which is "fairly traceable to the challenged action of the defendant and (3) which likely can be redressed by a favorable decision. *Bennett*, *supra* 520 U.S. at 167.  The party invoking federal jurisdiction bears the burden of establishing these three elements.  See *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231 (1990).  Since they are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation.  See *Lujan v. National Wildlife Federation*, 497 U.S. 871, 883-889 (1990).

Here, Plaintiff's Complaint fails to establish the standing requirements of Article III. Plaintiff has not shown that he has suffered a "concrete and particularized" injury to a cognizable interest.  Conversely, Plaintiff admits that he merely desires to submit his referendum petition regarding the repeal of the Ordinance to the electors of the City.  However, Plaintiff has taken no actions in furtherance of such pursuit.  Rather, Plaintiff alleges that he requires injunctive relief in the form of an order requiring the Registrar to purge the voter registration lists to bring them up to date before he "may pursue a repeal" of the Ordinance. (Complaint, ¶11, page 4).  In addition, the only injury that Plaintiff claims to have endured is that "his confidence in this constitutional process" will be affected.  (Complaint, ¶28, pages 6-7).

Secondly, Plaintiff cannot establish that a favorable decision will redress his alleged injury.  With respect to the removal of persons from the voting list under the NVRA due to such persons having moved, Plaintiff concedes that voters *shall not* be removed from the list *unless* (1)

9

Memorandum of Points and Authorities In Support of Motion to Dismiss Plaintiff's Complaint Pursuant to FRCP 12(b)(1) and 12(b)(6)

they confirm in writing that they have moved outside of the jurisdiction or (2) they do not respond to the notice and do not vote in a federal election during the two-year period beginning on the date they were mailed the notice. (52 U.S.C. §20507(d)(2)). (Complaint, ¶15, page 4). Plaintiff's allegation that his receipt of absentee ballots and other voter information at rental units for individuals that no longer reside in such rental units, as well as his "canvassing" efforts last year (Complaint, ¶10, pages 3-4) do not establish that the desired "purge of the voter registration lists" will result in the removal of a significant number of voters from the voting list. For example, Plaintiff has failed to allege such pertinent facts as to whether such individuals that "don't live" at the address 2305 El Dorado Street (See Doc. 1, pp. 10-14) have confirmed in writing that such individuals have moved outside the jurisdiction, or failed to respond to notices from the Registrar and did not vote in a federal election during the two-year period after receipt of such notices. Thus, reliance on the mere fact that a registered voter does not live at a particular address does not guarantee that a "purged" voting list will result in the removal of a significant number of "ineligible registrants" as alleged by Plaintiff.

Plaintiff's injury is too speculative and may never occur. Moreover, the remedy sought by Plaintiff may not address Plaintiff's purported injury. Accordingly, Plaintiff lacks Article III standing to pursue this matter against the Registrar.

**2.    Plaintiff's claims are not ripe for adjudication by the Court.**

The doctrine of ripeness is a means by which federal courts may dispose of matters that are premature for review because the plaintiff's purported injury is too speculative and may never occur. <u>Chandler v. State Farm Mut. Auto Ins. Co.</u>, *supra* 598 F.3d at 1122.

As stated above, Plaintiff concedes that he has taken no actions in furtherance of his desire to submit his referendum petition regarding the repeal of the Ordinance to the electors of the City. (Complaint, ¶11, page 4). For example, Plaintiff has not filed his Notice of Intent with the City clerk pursuant to California Elections Code Section 9202. Moreover, the California Elections Code sets forth procedural requirements and applicable timeframes for proponents of referendum petitions. *See generally* California Elections Code Chapter 3, Articles 1 and 2. Such requirements include, but are not limited to:

10

Memorandum of Points and Authorities In Support of Motion to Dismiss Plaintiff's Complaint Pursuant to FRCP 12(b)(1) and 12(b)(6)

(1)   the proponent's submission of a Notice of Intent to circulate a referendum petition to the City clerk (Elections Code §9202);

(2)   the proponent's circulation of the petition (Elections Code §§9207, 9208, 9237);

(3)   the filing of the petition with the City clerk (Elections Code §9210); and,

(4)   the examination and verification of petition signatures by the Registrar, which must be completed within 30 days of the filing of the petition with the City clerk. (Election Code §9211).

Given such procedural requirements and the timeframes imposed by the California Elections Code, if Plaintiff had sought to submit his referendum petition in furtherance of repealing the Ordinance to the voters at the upcoming March 3, 2020 Presidential Primary Election, Plaintiff was required to submit his Notice of Intent to do so to the City clerk on or about April 25, 2019[4]. Plaintiff has not alleged that he has done so, thus Plaintiff is foreclosed from submitting his referendum petition to the electors of the City in March 2020 and must postpone such efforts until the November 3, 2020 Presidential Election.

Accordingly, with respect to the Plaintiff's allegation that the Registrar "does not have a purged list of registered voters as required by both state and federal law and that [the Registrar] has failed to conduct a general program that makes a reasonable effort to cancel the registrations of ineligible registrants" (Complaint, ¶22, page 5), such claim is premature. The NVRA mandates that the Registrar in conjunction with the State election official complete voter removal programs *not later than 90 days prior to the date of a primary or general election for Federal Office*. 52 U.S.C. 20507(c)(2). Thus, with respect to the upcoming March 3, 2020 Presidential Primary Election, the Registrar would be required to complete actions in furtherance of a voter removal program on or before December 4, 2019. As to the November 3, 2020 Presidential Election, which, due to the requirements and timeframes imposed by the California Elections Code as identified above, would be the soonest election that Plaintiff may pursue, the Registrar

---

[4] This approximated deadline accounts only for the timeframes prescribed by the California Elections Code as they may pertain to the initiative/referendum process. This deadline does not account for any deadlines that the City may impose with respect to the scheduling of City council meetings or the City council's request for reviews and reports regarding the initiative/referendum.

11

would be required to complete actions in furtherance of a voter removal program on or before August 5, 2020.

Therefore, Plaintiff's purported injury, that his "confidence in this constitutional process" will be affected, is too speculative and may never occur. The Registrar, in conjunction with the State election official has until August 5, 2020 to complete actions in furtherance of a voter removal program prior to Plaintiff suffering any harm. At which time, Plaintiff's allegation that the "percentage has been affected substantially by those individuals who were once registered but have either left the City of Stockton, have passed away, been incarcerated, or have an erroneous registration" (Complaint, ¶10, page 3-4), may no longer be relevant as the Registrar's removal of names from voting rolls pursuant to the State election official's program will alleviate such issue. Due to the fact that ripeness coincides squarely with standing, Plaintiff's premature filing of this action prior to pursuing his referendum petition results in Plaintiff lacking the requisite standing to pursue this action against the Registrar at this time.

**B.    The Court should dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6) as it lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory.**

**1.    Plaintiff lacks statutory standing pursuant to the NVRA to pursue this matter against the Registrar.**

A motion to dismiss for lack of statutory standing goes to the merits of the claim and should be brought under Federal Rule of Civil Procedure, Rule 12(b)(6). <u>Maya v. Centex Corp</u>. 658 F. 3d 1060, 1067-1068 (9th Cir. 2011). Here, Plaintiff lacks statutory standing and therefore lacks a cognizant legal theory pursuant to Federal Rule of Civil Procedure, Rule 12(b)(6) due to his failure to comply with the notice requirement imposed by 52 U.S.C. §20510(b), his grievance as a proponent of a referendum petition rather than as a voter, and the inapplicability of the NVRA to the City's charter governing initiative and referendum elections.

**a.    Plaintiff failed to comply with the statutory notice requirements imposed by the NVRA.**

The NVRA creates a private right of action for "a person aggrieved by a violation of [the NVRA]." 52 U.S.C. Section 20510(b) states:

12

Memorandum of Points and Authorities In Support of Motion to Dismiss Plaintiff's Complaint Pursuant to FRCP 12(b)(1) and 12(b)(6)

> "(1) A person who is aggrieved by a violation of this chapter may provide written notice of the violation to the chief election official of the State involved.
>
> (2) If the violation is not corrected within 90 days after receipt of a notice under paragraph (1), or within 20 days after receipt of the notice if the violation occurred within 120 days before the date of an election for Federal office, the aggrieved person may bring a civil action in an appropriate district court for declaratory or injunctive relief with respect to the violation.
>
> (3) If the violation occurred within 30 days before the date of an election for Federal office, the aggrieved person need not provide notice to the chief election official of the State under paragraph (1) before bringing a civil action under paragraph (2)." 52 U.S.C. § 20510(b).

The statue includes a notice provision that requires an aggrieved person, in most circumstances, to notify state officials of possible violations of the statute before filing suit. 52 U.S.C. §20510(b)(1). Whether the aggrieved person is required to give notice and how long the person must wait to file suit after giving notice depends on the timing of the next federal election. *Nat'l Council of La Raza v. Cegavske*, 800 F. 3d 1032, 1035 (2015). When the violation upon which a suit is based occurs a substantial time before the next federal election, the aggrieved person *must* notify the state of the alleged violation and must then wait 90 days before bringing suit. *Id.*, *see also* 52 U.S.C. § 20520(b)(1)-(2).

Here, Plaintiff filed his Complaint on May 21, 2019, 288 days before the next federal election on March 3, 2020. Plaintiff fails to allege that the requisite notice under the NVRA was provided to the State election official or the Registrar prior to his filing of the Complaint. Accordingly, Plaintiff's action should be dismissed for failing to provide notice prior to bringing suit pursuant to 52 U.S.C. §20510(b).

### b. Plaintiff as a proponent of a referendum initiative is not a person protected by the NVRA.

The NVRA is limited to challenges by *voters* harmed by violations of the NVRA in the context of federal elections. The thrust of the NVRA as set forth in 52 U.S.C. §20507 et seq. is to increase voter registration by streamlining the voter registration procedures. Moreover, as supported by the legislative intent, the private right of action in the NVRA is limited to challenges by voters harmed by violations of the NVRA:

13

Memorandum of Points and Authorities In Support of Motion to Dismiss Plaintiff's Complaint Pursuant to FRCP 12(b)(1) and 12(b)(6)

"(a) Findings

The Congress finds that-

(1) the *right of citizens* of the United States *to vote* is a fundamental right;

(2) it is the duty of the Federal, State, and local governments to *promote the exercise of that right*; and

(3) discriminatory and unfair registration laws and procedures can have a direct and damaging effect on *voter participation* in elections for Federal office and disproportionately harm *voter participation* by various groups, including racial minorities.

(b) Purposes

The purposes of this chapter are-

(1) to establish procedures that will *increase the number of eligible citizens who register to vote in elections* for Federal office;

(2) to make it possible for Federal, State, and local governments to implement this chapter in a manner that *enhances the participation of eligible citizens as voters* in elections for Federal office;

(3) to protect the integrity of the electoral process; and

(4) to ensure that accurate and current voter registration rolls are maintained."

52 U.S.C. §20501.

Here, Plaintiff does not claim that he is aggrieved as a voter by the Registrar's alleged violation of the NVRA. For example, Plaintiff has not alleged that his right to vote has been impaired. Instead, Plaintiff sets forth a generalized complaint of undermined confidence in the electoral system. Accordingly, Plaintiff's action should be dismissed as the private right of action afforded by the NVRA does not extend to proponents of a referendum petition with generalized complaints or grievances.

      **c.**      **The NVRA does not apply to state or municipal registration or ballot questions, such as Plaintiff's claims, without a federal component.**

The NVRA, by its express terms applies to voter registrations for elections for *Federal office.* 52 U.S.C. § 20507 et seq. Other courts have held that Congress's authority to regulate

14

Memorandum of Points and Authorities In Support of Motion to Dismiss Plaintiff's Complaint Pursuant to FRCP 12(b)(1) and 12(b)(6)

federal elections under U.S. Const. art. 1, § IV does not permit Congress to create a private right of action under the NVRA predicated on state ballot questions.  *See* <u>Dobrovolny v. Nebraska</u>, 100 F. Supp. 2d 2012.  This court should follow such application of the NVRA to achieve uniformity.

Here, Plaintiff generally alleges that the Registrar's failure to "properly conduct the list maintenance required by the NVRA" will preclude him from obtaining the requisite amount of signatures to submit his referendum petition to the electors of the City in furtherance of his efforts to repeal the Ordinance.  However, Plaintiff's municipal ballot issue is simply not an issue that the NVRA is intended to address.  Instead, the purpose of the NVRA is clearly tied to increasing voter participation in *federal elections.*  52 U.S.C. §20501(b).  Thus, Plaintiff's claim against the Registrar is not within the scope or purpose of the NVRA to remedy and therefore should be dismissed.

**2.  Plaintiff has failed to allege sufficient facts to support his claim that the Registrar violated the "list maintenance requirements" imposed by the NVRA.**

Plaintiff's Complaint alleges that the Registrar "does not have a purged list of registered voters as required by both state and federal law and that [the Registrar] has failed to conduct a general program that makes a reasonable effort to cancel the registrations of ineligible registrants."  (Complaint, ¶22, page 5).  Accordingly, the Registrar is allegedly "failing to properly conduct the list maintenance required by the NVRA."  (Complaint, ¶26, page 6).  The facts alleged by Plaintiff in support of such claims are limited to the change of address scenario.

With respect to the removal of persons from the voting list under the NVRA due to such persons having moved, Plaintiff concedes that voters *shall not* be removed from the list *unless* (1) they confirm in writing that they have moved outside of the jurisdiction or (2) they do not respond to the notice and do not vote in a federal election during the two-year period beginning on the date they were mailed the notice.  (52 U.S.C. §20507(d)(2)).  (Complaint, ¶15, page 4). Plaintiff's allegations that his receipt of absentee ballots and other voter information at rental units for individuals that no longer reside in such rental units, as well as his "canvassing" efforts last year (Complaint, ¶10, pages 3-4) do not establish that the Registrar does not conduct a general program that makes a *reasonable* effort to remove the names of ineligible voters from the

15

Memorandum of Points and Authorities In Support of Motion to Dismiss Plaintiff's Complaint Pursuant to FRCP 12(b)(1) and 12(b)(6)

official lists of eligible voters; nor that the Registrar has violated the NVRA. Such bare allegations fail to establish that the voter confirmed in writing that they moved outside of the jurisdiction or that upon receipt of notice from the Registrar failed to vote in a federal election during the following two-year period[5]. Thus, Plaintiff has failed to allege sufficient facts to support a claim that the Registrar violated the NVRA.

**C.    Plaintiff's referendum petition is barred by California Elections Code Section 9237.**

"The initiative is the power of the electors to propose statues and amendments to the Constitution and to adopt or reject them." Cal. Const. art. II, sec. 8(a). "The referendum is the power of the electors to approve or reject statutes or parts of statutes except urgency statutes, statutes calling elections, and statutes providing for tax levies or appropriations for usual current expense of the State." Cal. Const. art. II, sec. 9(a). In general, an initiative is a proposal by the people, a legislative act placed on the ballot by voters to be decided by voters. In contrast, a referendum is generally a political challenge by voters to an enactment already made by the legislative body.

Here, Plaintiff has alleged that he seeks to have the Ordinance repealed by a vote of the people. (Complaint, ¶8, pages 2-3). By challenging an enactment already made by the City, Plaintiff, by definition, is pursuing a referendum. Although the procedures and timeframes applicable to an initiative petition also apply to a referendum petition, one stark distinction is that a referendum petition must be pursued within 30 days of the date the adopted ordinance is attested by the city clerk. Cal. Elections Code §9237. California Elections Code Section 9237, states:

> "If a petition protesting the adoption of an ordinance, and circulated by a person who meets the requirements of Section 102, is submitted to the elections official of the legislative body of the city in his or her office during normal office hours, as posted, *within 30 days* of the date the adopted ordinance is attested by the city clerk or secretary to the legislative body, and is signed by not less than 10 percent of the voters of the city according to the county elections official's last official report of registration to the Secretary of State, or, in a city with 1,000 or less registered voters, is signed by not less than 25 percent of the voters or 100 voters of the city, whichever is the lesser, *the effective date of the ordinance shall be suspended and the legislative body shall reconsider the ordinance*."
> Cal. Elections Code §9237.

---

[5] In fact, the removal of those individuals that "don't live" at the address 2305 El Dorado Street (See Doc. 1, pp. 10-14) from the voting lists based on the factual allegations asserted by Plaintiff alone would result in a violation of the NVRA.

16

Memorandum of Points and Authorities In Support of Motion to Dismiss Plaintiff's Complaint Pursuant to FRCP 12(b)(1) and 12(b)(6)

As alleged, Plaintiff has taken no actions since the City's adoption of the Ordinance on February 5, 2019, in furtherance of his desire to submit his referendum petition regarding the repeal of the Ordinance to the electors of the City. Pursuant to California Elections Code Section 9237, Plaintiff is barred from pursuing such efforts at this time. Moreover, Plaintiff's request for an "injunction on the continued implementation of the Ordinance" must similarly be denied due to Plaintiff's failure to comply with California Elections Code Section 9237. California Elections Code Section 9237, is the clearly the mechanism that provides Plaintiff with the relief sought as such may pertain to the City's implementation and enforcement of the Ordinance. Plaintiff's failure to comply with the procedural requirements set forth therein should bar him from the present relief sought. Plaintiff cannot circumvent the 30-day circulation and submission requirement by alleging speculative or hypothetical claims under the NVRA.

## V. CONCLUSION

Based on the foregoing, the Registrar respectfully requests that Plaintiff's Complaint be dismissed with prejudice pursuant to Federal Rules of Civil Procedure, Rule 12(b)(1) and 12(b)(6).

Dated: June 12, 2019

                                          OFFICE OF THE COUNTY COUNSEL

                                          By:    /s/ *Erin H. Sakata*
                                                     ERIN H. SAKATA
                                                     Deputy County Counsel
                                                     Attorneys for Defendant
                                                     MELINDA DUBROFF

17

Memorandum of Points and Authorities In Support of Motion to Dismiss Plaintiff's Complaint Pursuant to FRCP 12(b)(1) and 12(b)(6)