XAVIER BECERRA
Attorney General of California
TAMAR PACHTER
Supervising Deputy Attorney General
CHAD A. STEGEMAN, State Bar No. 225745
Deputy Attorney General
 455 Golden Gate Ave., Ste. 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 510-3624
 Fax:  (415) 703-5843
 E-mail:  Chad.Stegeman@doj.ca.gov
*Attorneys for Defendant Alex Padilla, in his official capacity as the Secretary of the State of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH LEE WHITE,<br><br>                              Plaintiff,<br><br>     v.<br><br>CHRISTIAN CLEGG, in his official capacity as Interim City Clerk for the City of Stockton;<br>CITY OF STOCKTON, a municipal corporation;<br>MELINDA DUBROFF, in her official capacity as Registrar of Voters for the County of San Joaquin;<br>ALEX PADILLA, in his official capacity as the Secretary of State for California,<br><br>                              Defendants. | 2:19-cv-913 JAM EFB PS<br><br>**DEFENDANT CALIFORNIA SECRETARY OF STATE PADILLA'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS [Fed.R.Civ.Proc. 12(b)(1), 12(b)(6)]**<br><br>Action Filed:  May 21, 2019<br><br>Date:  July 31, 2019<br>Time:  10:00 a.m.<br>         Courtroom: 8, 13th Floor<br>Judge: Hon. Edmund F. Brennan |

# TABLE OF CONTENTS

**Page**

Introduction ........................................................................................................................... 1
Background and Relevant Allegations .................................................................................. 2
    I.    The National Voter Registration Act ......................................................................... 2
    II.   Relevant Allegations from the Complaint ................................................................. 2
Argument ............................................................................................................................... 4
    I.    White Lacks Article III Standing to Pursue a Claim Under the NRVA and His Claim Is Not Ripe for Adjudication. ........................................................... 4
        A.    Legal Standard ............................................................................................... 4
        B.    White Does Not Allege a Concrete or Particularized Injury, or Redressability, Under Article III or the NVRA. ........................................... 5
        C.    White's Claim Is Not Ripe Because Any Ostensible Injury Is Speculative and May Never Occur. ..................................................................... 7
    II.   White Does Not State a Claim Under the NVRA. ..................................................... 7
        A.    Legal Standard. .............................................................................................. 8
        B.    White Does Not Have Statutory Standing Because He Failed to Comply With the NVRA's 90-Day Notice Requirement. .......................... 8
        C.    White Admits the Stockton Ordinance He Complains About Does Not Implicate Federal Elections; He Cannot Make a Claim against SOS under the NVRA. ...................................................................................... 9
        D.    White's Conclusory Allegations that SOS Violated List Maintenance Requirements under the NVRA Do Not Comply with Rule 8. ........................................................................................................ 11
        E.    SOS Does Not Effectuate Local City Ordinances, and White Does Not Allege a Cognizable Legal Theory Upon Which The Court Can Grant Injunctive Relief Compelling SOS to Act Concerning City Ordinance No. 2019-02-05-1403. ..................................................................... 12
Conclusion ............................................................................................................................ 13

i

# TABLE OF AUTHORITIES

**Page**

**CASES**

Arizona v. Inter Tribal Council of Ariz., Inc.
   570 U.S. 1 (2013)..................................................................................................2

Ashcroft v. Iqbal
   556 U.S. 662 (2009).......................................................................................passim

Balistreri v. Pacifica Police Dept.
   901 F.2d 696 (9th Cir. 1990)................................................................................8

Bell Atlantic Corp. v. Twombly
   550 U.S. 544 (2007)............................................................................................11

Bennett v. Spear
   520 U.S. 154 (1997)..........................................................................................4, 5

Chandler v. State Farm Mut. Auto Ins. Co.
   598 F.3d 115 (9th Cir. 2010)............................................................................5, 7

Dobrovolny v. Nebraska
   100 F. Supp. 2d 1012 (D. Neb. 2000).........................................................passim

Dobrovolny v. Nebraska
   100 F. Supp. 2d 2012 (D. Neb. 2000)..................................................................9

Ga. State Conference of NAACP v. Kemp
   841 F.Supp.2d 1320 (N.D. Ga. 2012)..................................................................9

Husted v. A. Philip Randolph Institute
   584 U.S. -- (2018)................................................................................................2

Lujan v. Defenders of Wildlife
   504 U.S. 555 (1992).............................................................................................4

Maya v. Centex Corp.
   658 F. 3d 1060 (9th Cir. 2011).............................................................................8

Meaunrit v. Pinnacle Foods Grp., LLC
   2010 WL 1838715 (N.D. Cal. May 5, 2010) ......................................................5

Nat'l Council of La Raza v. Cegavske
   800 F.3d 1032 (9th Cir. 2015)..............................................................................8

Navarro v. Block
   250 F.3d 729 (9th Cir. 2001)................................................................................8

ii

Def. Padilla's Mem. Points & Auth. Mot. to Dismiss (2:19-cv-913 JAM EFB PS)


# TABLE OF AUTHORITIES
## (continued)

**Page**

*Richardson v. City and County of Honolulu*
  124 F.3d 1150 (9th Cir. 1997) ............................................................................................ 7

*Scott v. Schedler*
  771 F.3d 831 (5th Cir. 2014) .............................................................................................. 9

*Shroyer v. New Cingular Wireless, Inc.*
  622 F.3d 1035 (9th Cir. 2010) ....................................................................................... 8, 12

*Sprewell v. Golden State Warriors*
  266 F.3d 979 (9th Cir. 2001) .............................................................................................. 8

*St. Clair v. City of Chico*
  880 F.2d 199 (9th Cir. 1989) .............................................................................................. 4

*White v. Lee*
  227 F.3d 1214 (9th Cir. 2000) ............................................................................................ 4

**STATUTES**

United States Code Title 52
  § 1029 .................................................................................................................................. 9
  § 20501(a) .......................................................................................................................... 10
  § 20501(b) ..................................................................................................................... 2, 10
  § 20507(a)(3) ...................................................................................................................... 2
  § 20507(a)(4) ................................................................................................................... 2, 6
  § 20510(b) ................................................................................................................. *passim*
  § 20510(b)(1)-(2) ................................................................................................................ 2
  § 20510(b)(3) ...................................................................................................................... 2

California Elections Code § 9237 .................................................................................... 6, 7

City of Stockton Ordinance No. 2019-02-05-1403 ................................................. *passim*

National Voter Registration Act of 1993 ................................................................. *passim*

**CONSTITUTIONAL PROVISIONS**

United States Constitution
  Article 1, § IV ............................................................................................................... 9, 10

iii

**DEFENDANT PADILLA'S MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS [Fed.R.Civ.Proc. 12(b)(1), 12(b)(6)] (2:19-cv-913 JAM EFB PS)**

# TABLE OF AUTHORITIES
(continued)

**Page**

**COURT RULES**

Federal Rules of Civil Procedure
    rule 8 .................................................................................................................... 7, 11
    rule 8(a)(2).................................................................................................................. 11
    rule 12(b)(1)............................................................................................................. 4, 5
    rule 12(b)(6)............................................................................................................. 8, 9

**OTHER AUTHORITIES**

https://www.sos.ca.gov/elections/upcoming-elections/presidential-primary-
    election-march-3-2020/);.............................................................................................. 9

Senate Report No. 103–6 ................................................................................................. 10

iv

**DEFENDANT PADILLA'S MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS [Fed.R.Civ.Proc. 12(b)(1), 12(b)(6)] (2:19-cv-913 JAM EFB PS)**

# INTRODUCTION

White does not have standing to bring an action under the National Voter Registration Act of 1993 (NVRA) because he has not alleged a concrete or particularized injury, fairly traceable to the California Secretary of State Alex Padilla (SOS), that can be redressed by a favorable decision against SOS. His grievance is that the City of Stockton (the City) adopted Ordinance No. 2019-02-05-1403 (the Ordinance), and he plans to mount an as-yet undefined campaign to repeal the Ordinance. In furtherance of the repeal attempt, he plans to solicit signatures from 10 percent of registered voters in the City. He believes gathering the signatures may be more difficult because there may be voters on the voter rolls that should have been purged under NVRA list maintenance rules, which may make it "difficult, if not impossible" to determine who is a qualified voter when asking for signatures. (Compl. ¶ 10.) But he has not identified a harm under the NVRA that relates to voting impairment in a federal election. Nor has he identified a voter that should have been removed from the list under the NVRA. Moreover, White's claim is not ripe because any injury concerning future attempts to repeal the Ordinance is speculative and may never occur. The Court should dismiss the complaint for lack of standing and because it is not ripe.

White also fails to state a claim under the NVRA. He did not give the notice required under the NVRA, and therefore does not have statutory standing to bring the present claim. Moreover, the NVRA is only applicable where a defendants' action or inaction impinges on voting rights in federal elections; he cannot bring a claim under the NVRA predicated on complaints concerning the City's adoption of a local ordinance. White also makes conclusory allegations against SOS in support of his claim that it "does not have a purged listed of registered voters" and has "failed to conduct a general program that makes a reasonable effort to cancel the registrations of ineligible registrants." (Compl. ¶ 22.) White alleges that ineligible registrants include voters that have moved out of the jurisdiction, become incarcerated, or deceased. But his complaint, including the supporting documents attached thereto, is void of any factual basis to support such claim. Finally, SOS does not effectuate local city ordinances, and White does not allege a cognizable legal theory that allows the Court to grant injunctive relief compelling SOS to act concerning the Ordinance. For these reasons, the Court should dismiss White's complaint with prejudice.

1

Def. Padilla's Mem. Points & Auth. Mot. to Dismiss (2:19-cv-913 JAM EFB PS)

## BACKGROUND AND RELEVANT ALLEGATIONS

### I. THE NATIONAL VOTER REGISTRATION ACT

In 1993, Congress enacted the National Voter Registration Act (NVRA), which "erect[s] a complex superstructure of federal regulation atop state voter-registration systems." *Arizona v. Inter Tribal Council of Ariz., Inc.*, 570 U.S. 1, 5 (2013). The NVRA has two primary objectives: "increasing voter registration and removing ineligible persons from the States' voter registration rolls." *Husted v. A. Philip Randolph Institute*, 584 U.S. --, 138 S.Ct. 1833, 1838 (2018) (citing § 2, 107 Stat. 77, 52 U.S.C. § 20501(b)). To achieve the second objective, Section 8 of the NVRA requires states to "conduct a general program that makes a reasonable effort to remove the names" of voters who are ineligible "by reason of" death or change in residence. *Id.* (citing § 8(a)(4), 107 Stat. 82–83, 52 U.S.C. § 20507(a)(4)). The name of a registered voter also may be removed if the registrant requests removal or if state law requires removal for a criminal conviction or mental incapacity. 52 U.S.C. § 20507(a)(3).

The NVRA creates a private right of action for "[a] person who is aggrieved by a violation of [the NVRA]." 52 U.S.C. § 20510(b). The statute includes a notice provision that requires an aggrieved person, in most circumstances, to notify state officials of possible violations of the statute before filing suit. *See id.* § 20510(b)(1). Whether the aggrieved person is required to give notice and how long the person must wait to file suit after giving notice depends on the timing of the next federal election. When the violation upon which a suit is based occurs a substantial time before the next federal election, the aggrieved person must notify the state of the alleged violation and must then wait 90 days before filing suit. *Id.* § 20510(b)(1)-(2). However, "if the violation occurred within 120 days" of a federal election, the aggrieved person must wait only 20 days after notifying the state before bringing suit. *Id.* § 20510(b)(2). "If the violation occurred within 30 days" of a federal election, the aggrieved person does not need to give any notice before bringing suit. *Id.* § 20510(b)(3).

### II. RELEVANT ALLEGATIONS FROM THE COMPLAINT

The gravamen of White's complaint is that he wishes to enjoin the effectuation of a Stockton city ordinance while he seeks signatures to attempt a repeal of the ordinance. (Compl.

2

Def. Padilla's Mem. Points & Auth. Mot. to Dismiss (2:19-cv-913 JAM EFB PS)

¶¶ 9, 11.) He also wants the Court to order a purging of the Stockton voter lists because ineligible voters on the list makes it difficult to identify who is an eligible voter. (Compl. ¶¶ 9, 10, 11.)

On February 5, 2019, the City passed Ordinance No. 2019-02-05-1403 concerning utility water billing for tenants who are in default. (Compl. ¶ 8.) White alleges that he owns "a substantial number of rental units" that will be affected by the Ordinance and that he is "personally aware of a significant number of registered voters that have been incarcerated, have moved to another location, or have passed away or otherwise become ineligible to vote." (*Id.* ¶ 10.)

White alleges that last year he had sought to have an issue placed on a local City ballot and that he "canvassed areas" in the City to obtain the requisite number of registered voter signatures, which was required to be equal to or in excess of 10 percent of the number of registered voters in the area, in order to place his issue on the ballot. (Compl. ¶ 10.) White does not allege that the ballot issue pertained to the Ordinance. He also does not state whether he acquired the necessary number of signatures for this previous political endeavor. However, he alleges that based on his experience, the 10 percent "has been affected substantially by those individuals who were once registered but have either left the City of Stockton, have passed away, been incarcerated, or have an erroneous registration." (*Id.*) He also alleges that this has made it "difficult, if not impossible" to determine who is a qualified registered voter. (*Id.*) He does not allege that others found it was impossible to obtain the number of signatures necessary, he does not explain why it is difficult or impossible to determine who a qualified registered voter is when soliciting signatures, nor does he allege that he actually attempted to obtain signatures for the repeal attempt underlying this litigation. (*See generally* Compl.) He then attributes his difficulties concerning the proposed repeal to voter list maintenance under the NVRA. (*Id.* ¶ 11.)

White alleges, without more, "that the City, through the Registrar and Secretary of State does not have a purged list of voters as required by both state and federal law and that defendants and each of them have failed to conduct a general program that makes a reasonable effort to cancel the registrations of ineligible registrants." (Compl. ¶ 22.) White admits that a ballot election pertaining strictly to the City "has no immediate impact on federal or state elections," but

3

Def. Padilla's Mem. Points & Auth. Mot. to Dismiss (2:19-cv-913 JAM EFB PS)

the "process of purging ineligible registrants does impact the voters including WHITE regarding even local elections." (*Id.* ¶ 27.) Ultimately, White claims he will suffer irreparable injury and has no adequate remedy at law; however, the only injury identified is that Plaintiff's "confidence in this constitutional process" will be affected. (*Id.* ¶ 28.)

## ARGUMENT

### I. WHITE LACKS ARTICLE III STANDING TO PURSUE A CLAIM UNDER THE NRVA AND HIS CLAIM IS NOT RIPE FOR ADJUDICATION.

White does not allege a concrete injury or that an injury could be redressed by a favorable judgment against SOS; therefore, he does not have the Article III standing required to maintain suit. Moreover, speculation and doubt concerning whether White's federal voting rights will ever be impaired under the NVRA means his claim is not ripe for adjudication.

#### A. Legal Standard

Because standing and ripeness pertain to federal courts' subject matter jurisdiction, they are properly raised in a Rule 12(b)(1) motion to dismiss. *See St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989); *see also White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). "To satisfy the 'case' or 'controversy' requirement of Article III, which is the 'irreducible constitutional minimum' of standing, a plaintiff must, generally speaking, demonstrate that he has suffered 'injury in fact,' that the injury is 'fairly traceable' to the actions of the defendant, and that the injury will likely be redressed by a favorable decision." *Bennett v. Spear*, 520 U.S. 154, 162 (1997) (quoting Lujan, 504 U.S. at 560–561). "First, the plaintiff must have suffered an 'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) 'actual or imminent, not conjectural or hypothetical.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (citations omitted). "Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be 'fairly traceable to the challenged action of the defendant, and not th[e] result [of] the independent action of some third party not before the court.'" *Id.* "Third, it must be 'likely,' as opposed to merely 'speculative,' that the injury will be redressed by a favorable decision." *Id.* at 561 (citations omitted).

4

The related doctrine of ripeness is a means by which federal courts may dispose of matters that are premature for review because the plaintiff's purported injury is too speculative and may never occur. *Chandler v. State Farm Mut. Auto Ins. Co.*, 598 F.3d 115, 1122 (9th Cir. 2010).

In adjudicating a Rule 12(b)(1) motion, courts accept as true all material allegations in the complaint. *Chandler*, 598 F.3d at 1121-22. However, the burden of proof on a Rule 12(b)(1) motion is on the party seeking to invoke the court's subject matter jurisdiction. *Id.* Plaintiff must set forth facts that he has suffered an injury-in-fact. *Meaunrit v. Pinnacle Foods Grp., LLC*, 2010 WL 1838715, at *2-*4 (N.D. Cal. May 5, 2010).

### B.   White Does Not Allege a Concrete or Particularized Injury, or Redressability, Under Article III or the NVRA.

White does not have Article III standing to sue SOS for a violation of the NVRA because he does not allege a concrete, actual, or imminent injury, or a remedy under the NVRA that will redress the injury. *See Bennett v. Spear*, 520 U.S. at p. 167.

First, White does not specifically claim that he has been harmed by the adoption of the local Ordinance at issue or that SOS has thwarted efforts to obtain signatures to seek repeal of the Ordinance. There is no indication from the complaint that White has taken any action in furtherance of a repeal referendum, or that he ever will. Instead, he makes the conclusory allegation that he requires injunctive relief in the form of an order mandating a purge of the voter registration lists to bring them up to date *before* he "may pursue a repeal" of the Ordinance. (Compl. ¶ 11.) White's claimed injury is only that his "confidence in this constitutional process" will be affected, but without more, he has not alleged facts sufficient to satisfy standing. (Compl. ¶ 28.) The injury requirement for standing must be actual or imminent, and not conjectural or hypothetical. *Bennett*, 520 U.S. at 167. White's injury is patently speculative and hypothetical; thus, he has no standing.

Moreover, the relief White seeks under the NVRA will not likely redress his complaint about the Ordinance. *Bennett*, 520 U.S. at 162. He admits the genesis of his lawsuit derives from the passage of a local ordinance and in no way concerns federal elections. (Compl. ¶ 27.) Therefore, even assuming an injury from the adoption of the Ordinance, White's injury does not

5

Def. Padilla's Mem. Points & Auth. Mot. to Dismiss (2:19-cv-913 JAM EFB PS)

implicate a federal election or injury redressable under the NVRA. "Persons aggrieved" by a violation of the NVRA are persons who allege that their right to vote in an election for *federal* office has been impaired by a violation of the NVRA. *Dobrovolny v. Nebraska*, 100 F. Supp. 2d 1012, 1032 (D. Neb. 2000). White does not have standing as an "aggrieved person" within the meaning of 52 U.S.C. § 20510(b) because his concern focuses on his ability to pursue repeal of a local ordinance adopted by the City. He does not allege that his rights to vote in a federal election were impaired or denied.

And it is speculation whether an injunction against SOS to "conduct a general program that makes a reasonable effort to remove the names" of voters who are ineligible (52 U.S.C. § 20507(a)(4)) would have any effect on White's future ability to obtain signatures to seek repeal of the Ordinance.[1] White concedes that voters shall not be removed from the list unless (1) they confirm in writing that they have moved outside of the jurisdiction, or (2) they do not respond to the notice and do not vote in a federal election during the two-year period beginning on the date they were mailed the notice. (Compl. ¶ 15.) But his anecdotal information concerning his receipt of absentee ballots and other voter information at rental units for individuals that no longer reside there, as well as his ambiguous "canvassing" efforts last year (Compl. ¶ 10) do not establish that the desired "purge of the voter registration lists" would result in the removal of any number of voters from the voting list. For instance, individuals that he claims no longer live in one of his residential units may remain within the jurisdiction, and it is conjecture whether they failed to respond to notices from the Registrar and then did not vote in a federal elections after receipt of such notices. There is no basis to assume these individuals are ineligible voters that should have been removed from the list long ago. His injury is speculative. It is also unknown whether he could even get the required signatures to present a repeal within any given timeframe. Voters may approve of the Ordinance, or may not want to sign a petition for other reasons – it is impossible to know what the results of White's signature drive will be. Furthermore, if the Court

---

[1] California does have a general program for list maintenance under the NVRA. *See generally* https://www.sos.ca.gov/elections/voter-registration/nvra/laws-standards/nvra-manual/ (last visited June 18, 2019); *Judicial Watch, et al. v. Logan*, C.D. Cal. Case No. 2:17-cv-8948, ECF No. 96-1.

6

Def. Padilla's Mem. Points & Auth. Mot. to Dismiss (2:19-cv-913 JAM EFB PS)

considers White's hypothetical future actions to constitute a referendum petition, as argued by the San Joaquin County Registrar Dubroff (*see* Dubroff Mot. at 16-17, ECF No. 10-1), California Elections Code Section 9237 bars White from attempting a repeal of the Ordinance because he missed statutory deadlines, which renders the request to purge voter records in this case futile. White does not have Article III standing to pursue this case, and it should be dismissed with prejudice.

### C. White's Claim Is Not Ripe Because Any Ostensible Injury Is Speculative and May Never Occur.

For many of the same reasons noted above, White's claim is unripe. The doctrine of ripeness is a means by which federal courts may dispose of matters that are premature for review because the plaintiff's purported injury is too speculative and may never occur. *Chandler*, 598 F.3d at 1122. "The 'central concern [of the ripeness inquiry] is whether the case involves uncertain or contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Richardson v. City and County of Honolulu*, 124 F.3d 1150, 1160 (9th Cir. 1997) (quoting 13B CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 3532, at 112 (2d ed. 1984)); *see also Chandler*, 598 F.3d at 1122-23. White concedes that he has taken no actions in furtherance of his desire to submit his referendum petition regarding the repeal of the Ordinance to the electors of the City. (Compl. ¶ 11.) And when he does actually pursue repeal of the Ordinance, he may be barred by time limitations under California Election Code Section 9237[2] or state election officials may have acted in such a manner that renders his current allegations moot. White's purported injury is too speculative and may never occur; therefore, the claim is unripe and the Court should dismiss the case with prejudice.

## II. WHITE DOES NOT STATE A CLAIM UNDER THE NVRA.

White did not comply with the NVRA's notice requirement, a condition precedent to filing suit. Furthermore, his claim is predicated on the adoption and proposed repeal effort at a local level that does not implicate voting in a federal election, which is not within the NVRA's reach. White's complaint also fails to comply with Rule 8 pleading requirements because it merely

---

[2] *See* Dubroff Mot. at 16-17, ECF No. 10-1.

7

**Def. Padilla's Mem. Points & Auth. Mot. to Dismiss (2:19-cv-913 JAM EFB PS)**

concludes that Defendants violated list requirements under the NVRA without providing factual allegations that plausibly lead to that conclusion. Finally, in seeking an injunction against SOS to prevent implementation of the Ordinance, he has asked for relief SOS cannot provide.

### A. Legal Standard.

A motion to dismiss tests the legal sufficiency of a claim. Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Courts should enter a dismissal where a plaintiff lacks a "cognizable legal theory" and/or has failed to allege facts sufficient to support a cognizable legal theory. *Shroyer v. New Cingular Wireless, Inc.* 622 F.3d 1035, 1041 (9th Cir. 2010); *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). All material allegations in the pleadings are taken as true and construed in the light most favorable to the non-moving party. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). The Court, however, is not required to accept as true allegations that are "merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Id.* "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft*, 556 U.S. at 678.

### B. White Does Not Have Statutory Standing Because He Failed to Comply With the NVRA's 90-Day Notice Requirement.

White did not allege that he complied with notice requirements under the NVRA, and the Court should dismiss his complaint for lack of statutory standing. *See* 52 U.S.C. § 20510(b); *see also Nat'l Council of La Raza v. Cegavske*, 800 F.3d 1032, 1044 (9th Cir. 2015).

A motion to dismiss for lack of statutory standing goes to the merits of the claim and should be brought under Federal Rule of Civil Procedure, Rule 12(b)(6). *Maya v. Centex Corp.* 658 F. 3d 1060, 1067-1068 (9th Cir. 2011). The NRVA "includes a notice provision that requires an aggrieved person, in most circumstances, to notify state officials of possible violations of the statute before filing suit." *Nat'l Council of La Raza*, 800 F.3d at 1035. The requirement is based on the timing of the next federal election. "When the violation upon which a suit is based occurs

8

Def. Padilla's Mem. Points & Auth. Mot. to Dismiss (2:19-cv-913 JAM EFB PS)

a substantial time before the next federal election, the aggrieved person must notify the state of the alleged violation and must then wait 90 days before filing suit." *Id.* (citing 52 U.S.C. § 20510(b)(1)-(2)).

White does not allege that he sent a notice letter concerning the issues set forth in his complaint. (*See generally* Compl.) He filed his complaint on May 21, 2019 (*see* Compl.), more than 120 days before the next federal election, California's March 2020 primary election (*see, e.g.*, https://www.sos.ca.gov/elections/upcoming-elections/presidential-primary-election-march-3-2020/); therefore, he was required to send the notice and wait 90 days before filing suit. No allegations indicate that any letter was sent meeting the 90-day deadline or any other deadline under the NVRA. (*See generally* Compl.) Because White did not send a letter, the 90-day waiting period never ran, and no standing was conferred. *Scott v. Schedler*, 771 F.3d 831 (5th Cir. 2014) (voter who failed to comply with NVRA's notice provision lacked standing to bring suit against state of Louisiana and Louisiana's Secretary of State for their failure to comply with NVRA); *Ga. State Conference of NAACP v. Kemp*, 841 F.Supp.2d 1320, 1335 (N.D. Ga. 2012).

White lacks statutory standing and therefore lacks a cognizant legal theory pursuant to Federal Rule of Civil Procedure, Rule 12(b)(6) due to his failure to comply with the notice requirement imposed by 52 U.S.C. §20510(b).

**C.   White Admits the Stockton Ordinance He Complains About Does Not Implicate Federal Elections; He Cannot Make a Claim against SOS under the NVRA.**

White cannot bring a private cause of action under the NVRA predicated on local city ballot questions. Therefore, SOS's motion to dismiss should be granted with prejudice.

The only court found to have addressed this point directly, held that Congress's authority to regulate federal elections under U.S. Const. art. 1, § IV does not permit Congress to create a private right of action under the NVRA predicated on state ballot questions. *See Dobrovolny v. Nebraska*, 100 F. Supp. 2d 2012 (D. Neb. 2000). Consistent with the Congress's limited authority, by its terms, the NVRA applies only to elections for federal office. *See id.* at 1029. For example, the congressional findings state that:

(1) the right of citizens of the United States to vote is a fundamental right;

9

Def. Padilla's Mem. Points & Auth. Mot. to Dismiss (2:19-cv-913 JAM EFB PS)

>    (2) it is the duty of the Federal, State, and local governments to promote the exercise of that right; and
>
>    (3) discriminatory and unfair registration laws and procedures can have a direct and damaging effect on voter participation in elections for *Federal* office and disproportionately harm voter participation by various groups, including racial minorities.

52 U.S.C. § 20501(a) (emphasis added). The purposes of the NVRA are also clearly tied to increasing voter participation in *federal* elections. The NVRA provides that:

>    The purposes of this subchapter are—
>
>    (1) to establish procedures that will increase the number of eligible citizens who register to vote in elections for *Federal* office;
>
>    (2) to make it possible for Federal, State, and local governments to implement this subchapter in a manner that enhances the participation of eligible citizens as voters in elections for *Federal* office;
>
>    (3) to protect the integrity of the electoral process; and
>
>    (4) to ensure that accurate and current voter registration rolls are maintained.

52 U.S.C. § 20501(b) (emphasis added). Indeed, "all of the provisions of the NVRA are directed to what states must do with respect to elections for federal office." *Dobrovolny*, 100 F. Supp. 2d at 1030.

*Dobrovolny* also analyzed the legislative history of the NVRA, and found that Congress intended to create a private right of action "only in the context of denial of access to voting for federal elective office." 100 F. Supp. 2d at 1030. And again, the authority under which Congress passed the NVRA did not permit it to directly regulate state or local initiatives or elections. The NVRA was enacted under its Article I, Section IV constitutional authority to regulate federal elections. S.Rep. No. 103–6, at 3. *Dobrovolny* therefore found it "unlikely that Congress would have intended that the NVRA private right of action include claims based on state ballot questions . . . ." 100 F. Supp. 2d at 1030.

Finally, *Dobrovolny* considered principles of federalism in its analysis and determined that "[t]his court would be excessively entangled in the state initiative petition process if I found that plaintiffs could bring a private cause of action under the NVRA . . . , predicated on their inability to get their initiatives on the state ballot. The right to the initiative petition is created by state law, not federal law." 100 F. Supp. 2d at 1031. The analysis is similar here. White is seeking relief

10

Def. Padilla's Mem. Points & Auth. Mot. to Dismiss (2:19-cv-913 JAM EFB PS)

under the NVRA so he can pursue a hypothetical repeal of a local Stockton ordinance. To the extent he believes purging the City's voter list will make it easier for him to obtain signatures of eligible voters to allow him to present the issue of repeal, the efforts derive from both the adoption of a local ordinance by the City and his wish to challenge the local ordinance. He even admits that a "ballot election pertaining strictly to the City of Stockton has no immediate impact on federal or state elections . . . ." (Compl. ¶ 27.) For this Court to engage in referendum efforts at the municipal level concerning the adoption or repeal of local ordinances would require excessive entanglement with state and local elections laws and procedures in violation of principles of federalism. The NVRA does not create a private right of action for alleged violations of the NVRA predicated on state or local ballot questions. Therefore, because he does not allege impairment of his right to vote in a federal election, White fails to state a claim under the NVRA.[3]

### D. White's Conclusory Allegations that SOS Violated List Maintenance Requirements under the NVRA Do Not Comply with Rule 8.

White bases his complaint on conclusory allegations, without factual basis, that SOS has failed to conduct a general program that makes a reasonable effort to remove the names of ineligible voters under the NVRA. (Compl. ¶ 22.) Anyone could make these allegations and bring suit in federal court. Rule 8 requires more.

The legal sufficiency of a complaint is measured by whether it meets the pleading standards set forth in Federal Rules of Civil Procedure. Under Rule 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To do so, a complaint must give defendants "fair notice of what the claim is and the grounds upon which it rests" and allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp.*, 550 U.S. at 555-557, 570.

To satisfy the pleading requirements under Rule 8, a plaintiff must provide "factual allegations" that raise a right to relief above the "speculative level" to the "plausible level." *Bell*

---

[3] For similar reasons, *Dobrovolny* found the plaintiff lacked standing to pursue his claim. *See Dobrovolny*, 100 F. Supp. 2d at 1032. Defendant makes this argument above in Section I.B.

11

Def. Padilla's Mem. Points & Auth. Mot. to Dismiss (2:19-cv-913 JAM EFB PS)

*Atlantic Corp.*, 550 U.S. at 556-557; *Ashcroft*, 556 U.S. at 677-679. Such a showing requires "more than labels and conclusions," rather, the complaint must be supported by "factual allegations." *Ashcroft*, 556 U.S. at 679. In addition, a plaintiff is required to demonstrate the plausibility, as opposed to the conceivability, of their causes of action in the complaint. Plausibility is not akin to probability, "but it asks for more than a sheer possibility that a defendant has acted lawfully." *Id.* at 678.

White's allegations that his receipt of absentee ballots and other voter information at rental units for individuals that no longer reside in the rental units, as well as his "canvassing" efforts last year (Compl. ¶10), do not establish that SOS failed to conduct a general program that makes a reasonable effort to remove the names of ineligible voters from the official lists of eligible voters; or that any Defendant has violated the NVRA. Such bare allegations fail to establish that voters should have been removed from the rolls under the NVRA. For instance, White's allegations fail to establish that a currently-registered voter confirmed in writing that they moved outside of the jurisdiction or that upon receipt of notice from the Registrar they failed to vote in a federal election during the following two-year period. No alleged facts support the conclusion that ineligible voters remain on the list in violation of the NVRA. White has failed to allege sufficient facts to support a plausible claim that SOS or any other Defendant violated the NVRA.

    **E.**    **SOS Does Not Effectuate Local City Ordinances, and White Does Not Allege a Cognizable Legal Theory Upon Which The Court Can Grant Injunctive Relief Compelling SOS to Act Concerning City Ordinance No. 2019-02-05-1403.**

White seeks not only an injunction as to voter registrations under the NVRA, but also asks that this Court enjoin City Ordinance No. 2019-02-05-1403 while he obtains signatures to seek repeal of the Ordinance. (Compl. ¶¶ 9, 11.) White sets forth no facts or legal basis for this Court to order SOS to prevent the City from implementing the Ordinance, and White's demand that this Court do so must be dismissed as to SOS.[4]

---

[4] White's Prayer for Relief appears to seek an injunction enjoining implementation of the Ordinance against the City only (Compl. at Prayer ¶ f); however, the Prayer is unclear and the body of the Complaint includes SOS as a party from which White seeks this relief. (Compl. ¶¶ 9, 11.) Thus, SOS moves to dismiss this implausible claim for relief.

12

Def. Padilla's Mem. Points & Auth. Mot. to Dismiss (2:19-cv-913 JAM EFB PS)

Courts should enter a dismissal where a plaintiff lacks a "cognizable legal theory" and/or has failed to allege facts sufficient to support a cognizable legal theory. *Shroyer v. New Cingular Wireless, Inc.* 622 F.3d 1035, 1041 (9th Cir. 2010). White does not present a legally cognizable theory authorizing this Court to compel SOS to prevent implementation of a local city ordinance pending a hypothetical signature drive for a contemplated effort by White to repeal the ordinance. The City, not SOS, implements its own legislation, so this relief is not available to White.

## CONCLUSION

For reasons discussed above, the complaint in this action should be dismissed without leave to amend.

Dated:  June 18, 2019

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
TAMAR PACHTER
Supervising Deputy Attorney General

*/ s / Chad A. Stegeman*
CHAD A. STEGEMAN
Deputy Attorney General
*Attorneys for Defendant Alex Padilla, in his official capacity as the Secretary of the State of California*

SA2019102656
95320351.docx

13

Def. Padilla's Mem. Points & Auth. Mot. to Dismiss (2:19-cv-913 JAM EFB PS)

# CERTIFICATE OF SERVICE

Case Name:  **White v. Clegg, et al.**           No.   **2:19-cv-913 JAM EFB PS**

I hereby certify that on <u>June 18, 2019</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANT CALIFORNIA SECRETARY OF STATE PADILLA'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS [Fed.R.Civ.Proc. 12(b)(1), 12(b)(6)]**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>June 18, 2019</u>, at Fresno, California.

| W. Garber | /s/ W. Garber |
|---|---|
| Declarant | Signature |

SA2019102656
95320565.docx