JOHN M. LUEBBERKE, City Attorney
State Bar No. 164893
JAMIL R. GHANNAM, Deputy City Attorney
State Bar No. 300730
425 N. El Dorado Street, 2nd Floor
Stockton, CA  95202
Telephone: (209) 937-8333
Facsimile: (209) 937-8898

Attorneys for Defendants
CITY OF STOCKTON and CHRISTIAN CLEGG

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALHP LEE WHITE,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CITY OF STOCKTON, et al.,<br><br>　　　　Defendants. | Case No. 2:19-CV-00913-JAM-EFB<br><br>**REPLY IN SUPPORT OF MOTION TO DISMISS BY CITY OF STOCKTON AND CHRISTIAN CLEGG**<br>*Fed.R.Civ.Proc. 12(b)(1), 12(b)(6)*<br><br>Date:　　　July 31, 2019<br>Time:　　　10:00 a.m.<br>Courtroom: 8, 13th Floor<br>Judge:　　　Hon. Edmund F. Brennan |

**I.　　REPLY INTRODUCTION**

The opposition papers submitted by Plaintiff in pro per Ralph Lee White (hereinafter "Plaintiff") exemplify why dismissal of this matter as to the City and Christian Clegg is appropriate. The sole claim in this matter pled by Plaintiff is that that the City has violated subdivision (a)(4) of 52 U.S.C. § 20507, part of the National Voter Registration Act of 1993 ("NVRA," 52 U.S.C. § 20501 et seq.) for allegedly not removing voters from a voter registration list who have moved out of the jurisdiction, become incarcerated, or deceased. Plaintiff's Complaint (Doc. 1) and opposition (Doc. 17), however, fail to demonstrate how this claim is in any way legally cognizable as to these Defendants. Plaintiff also does not make any attempts to elucidate how he has stated any cognizable legal claim concerning City Ordinance No. 2019-02-05-1403. The City and Christian Clegg's Rule 12 motion to dismiss should be granted and be dismissed from this matter with prejudice.

///

*Summary of Plaintiff's Opposition Papers*

Plaintiff's Complaint and opposition do not quote any language from or attach Ordinance No. 2019-02-05-1403, but he asserts that the Ordinance penalizes landowners by placing liens on their properties if their tenants fail to pay for water service provided by California Water Service, a private water utility that is not owned or controlled by the City. (Doc. 17, p.1.) Plaintiff's allegations concerning his interpretation and effect of the Ordinance need not be accepted as true since the Ordinance itself (a true and correct copy is attached hereto as Ex. A) is subject to judicial notice and can be considered by the Court in reviewing a Rule 12 motion to dismiss. *See Santa Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1025 n.2 (9th Cir. 2006) (municipal ordinances are properly subject to judicial notice under Fed.R.Evid.); *see Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.), *opinion amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001) (On motion to dismiss the court need not accept as true allegations that contradict matters properly subject to judicial notice). The Ordinance concerns the City's collection of charges for its own water, sewer, solid waste collection and stormwater service. The Ordinance does not place liens on property for the collection of any delinquent payments to California Water Service. (See Ex. A.)

Plaintiff goes on to say the County's voter registration list is flawed which renders him unable to comply with the City Charter and California Elections Code requirements of submitting the signatures of legally registered voters to try and repeal the Ordinance. (Doc. 17, pp.1-2.) Plaintiff alleges it is a difficult and burdensome task in identifying valid registrants. (Doc. 17, p.4.)

Although Plaintiff claims that "his efforts to pursue ballot measure have been seriously hindered by inaction of the government in keeping up to date lists…" (Doc. 17, p.5), Plaintiff concedes that he has not undertaken any steps to gather signatures to repeal the Ordinance. (See Doc. 17 at p.4, "Why would Plaintiff attempt to gather signatures for his current effort to repeal the ordinance which is the subject of this action when he already was aware based on his efforts that the voter list was defective and obviously out of date?") Plaintiff alleges that the failure to have an up to date voter registration list is "traceable to all defendants" (Doc. 17, p.5), and that

because of the City's "standing as a Charter City it does have an obligation to ensure voter registration is accurate…" (Doc. 17, p.6.) However, Plaintiff does not direct the Court or the City to any case, statute or rule of law that states the City has any legal authority or obligation to remove registered voters from a County and/or State maintained voter registration list. Plaintiff in fact concedes that "[s]tate law might not specifically designate the City Clerk as its election official…" but rather urges the City do more than "just standing idly by…" (See Doc. 17, p.7.)

Plaintiff submits various attachments to his opposition papers (Doc. 17, pp.17-24) but fails to show how these are permissible in determining whether his Complaint stated cognizable legal claims against the City. *See e.g., Broam v. Bogan*, 320 F.3d 1023, 1026 fn. 2. (9th Cir. 2003) (facts raised for the first time in opposition papers are not to be considered when ruling on a motion to dismiss but may be considered in determining whether to grant leave to amend).

## II. REPLY ARGUMENT

### A. Plaintiff Has Not Demonstrated How The Operative Complaint Meets The Requirements of Standing Under Article III To Sue The City

It must be reiterated that the only cause of action pled by Plaintiff in this matter is that the City has violated subdivision (a)(4) of 52 U.S.C. § 20507. (See Doc. 1, p. 7.) Plaintiff's Complaint and his opposition to the City's motion to dismiss, however, does not demonstrate how he has standing to sue the *City* for relief under this statute or how the *City* can be legally liable for allegedly not removing voters from a voter registration list.

"To satisfy the 'case' or 'controversy' requirement of Article III, which is the 'irreducible constitutional minimum' of standing, a plaintiff must, generally speaking, demonstrate that he has suffered 'injury in fact,' that the injury is 'fairly traceable' to the actions of the defendant, and that the injury will likely be redressed by a favorable decision." *Bennett v. Spear*, *supra* 520 U.S. at 162 (*quoting Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–561 (1992)). The question of standing is not subject to waiver. *United States v. Hays*, 515 U.S. 737, 742 (1995). The United States Supreme Court has held that in order to have standing a generalized grievance against allegedly illegal governmental conduct is insufficient. *Hays*, 515 U.S. at 742-743.

///

1  Here, Plaintiff's Complaint and his opposition papers do not show that he has standing to sue the City for any violation of subdivision (a)(4) of 52 U.S.C. § 20507. This is because Plaintiff's Complaint and opposition papers conclusively demonstrate he has not suffered a concrete or particularized injury, let alone an injury caused by the City. Plaintiff's Complaint concedes he has not even begun his attempt to acquire petition signatures to put a repeal of the newly passed ordinance on any local ballot. Plaintiff's opposition papers reiterate this fact when Plaintiff states, "[w]hy would Plaintiff attempt to gather signatures for his current effort to repeal the ordinance which is the subject of this action when he already was aware based on his efforts that the voter list was defective and obviously out of date?" (Doc. 17, p.4.) The injury requirement for standing must be actual or imminent, and **not conjectural or hypothetical**. *Bennett, supra* at 167.

Plaintiff's injury is admittedly speculative, not certain to occur and hypothetical. Plaintiff now claims he has standing by submitting a Notice of Intent to Circulate Petition from 2018, which he claims prompted him to discover the inconsistencies in the voter registration lists as he canvassed for signatures. (See Doc. 17, pp. 3, 17-18.) This circumstance does not evidence injury or confer standing as to his efforts to repeal Ordinance No. 2019-02-05-1403, which was passed some time later in *February 2019*. "[The Court's] role is neither to issue advisory opinions nor to declare rights in hypothetical cases, but to adjudicate live cases or controversies consistent with the powers granted the judiciary in Article III of the Constitution." *Thomas v. Anchorage Equal Rights* Comm'n, 220 F.3d 1134, 1138 (9th Cir. 2000). Where the alleged injury is too "speculative" or "imaginary," it will not confer jurisdiction. (*Id*. at 1139.) Here, Plaintiff has no concrete or realized injury and in turn, no standing.

Although Plaintiff argues that the duty to update the list of registered voters is "traceable to all defendants" Plaintiff does not direct the Court or the City to any case, statute or rule of law that states the City has any legal authority or obligation to remove registered voters from a County and/or State maintained voter registration list. Plaintiff in fact concedes that "[s]tate law might not specifically designate the City Clerk as its election official…" but instead urges the City do more than "just standing idly by…" (See Doc. 17, p.7.) It is without dispute that the

conduct of which Plaintiff complains, maintenance of the voter registration list, is not traceable to the City. Rather, the Secretary of State is the chief state elections official responsible for coordination of the state's responsibilities under the NVRA. See Cal. Elec. Code § 2402. The Elections Code plainly states that, "[t]he registration of a voter is permanent for all purposes during his or her life, unless and **until the affidavit of registration is canceled by the Secretary of State or the county elections official** for any of the causes specified in this article." Cal. Elec. Code § 2200 (**emphasis added**).

There is simply no legal duty or other obligation upon the City concerning Plaintiff's issue. The City is not responsible for maintaining any voter registration or the procedures for voter registration under the NVRA and the City is powerless to act upon Plaintiff's complaint. No conduct is traceable to the City and the City cannot redress Plaintiff's issues. Thus, Plaintiff has no Article III standing to sue the City in this matter for an alleged violation of 52 U.S.C. § 20507. This legal deficiency cannot be remedied by amendment and the City and Christian Clegg must be dismissed from this action. Leave to amend can be properly denied based upon futility and should be denied here. *See Carvalho v. Equifax Info. Servs*., LLC, 629 F.3d 876, 892 (9th Cir.2010).

### B.     Plaintiff Concedes He Did Not Give Notice Under 52 U.S.C. § 20510(b)

Plaintiff admits he did not give notice of his perceived issues but claims he was under no obligation to do so because of the existence of a prior lawsuit which did not involve the City that was adjudicated in another judicial forum. (See Doc. 17, pp.7-10.) Plaintiff further specifically alleges that because the City Clerk is not a state-elections official he does not have to give the City any notice of his alleged voting claims contained in this suit. (See Doc. 17, p.8.)

Here, Plaintiff had more than ample time to comply with the notice requirement in this instance but failed to do so. Plaintiff's Complaint was filed on May 21, 2019 and he does not allege to have given notice of the alleged NVRA violations to any of the named entities in his Complaint at any time. (See Doc. 1.) Other circuits have held that the notice provision of the NVRA is mandatory, not permissive, and is fatal to a suit under the NVRA if not done. *See Scott v. Schedler*, 771 F.3d 831, 835-836 (5th Cir. 2014). *See also Arizona Democratic Party v.*

1  *Reagan*, No. CV-16-03618-PHX-SPL, 2016 WL 6523427, at *14 (D. Ariz. Nov. 3, 2016)

2  ("Whether notice is required and how long the person must wait to file suit after providing notice

3  is contingent on the timing of the next federal election.")

4      This Court should require the notice provision be mandatory under these circumstances

5  and dismiss Plaintiff's action for failure to provide pre-suit notice under 52 U.S.C. § 20510(b).

6      **C.    Plaintiff Provides No Case, Statute, Or Rule of Law Concerning How 52 U.S.C. § 20507 Provides A Legal Mechanism To Address Plaintiff's Issues Obtaining Petition Signatures For A Local Ballot**

7

8      The crux of Plaintiff's Complaint is that he believes he will be unsuccessful in the future

9  to obtain signatures for his petition to put an initiative on a local ballot because of the lack of

10 updated voter registration records. Plaintiff claims it is a difficult and burdensome task in

11 identifying valid registrants (Doc. 17, p.4.), however, Plaintiff does not state what that difficulty

12 is beyond the presumedly ordinary task of approaching and asking individuals whether they are

13 registered to vote and whether they would sign his petition.

14     Plaintiff's issue, more importantly, is simply not one that the NVRA is intended to

15 address and is one where the NVRA does not provide him a legal mechanism to obtain an

16 injunction against the City. The legislative intent of the NVRA, as set forth in 52 U.S.C. § 20501,

17 is to increase the number of eligible citizens to vote in elections for federal office, provide

18 mechanisms for governments to enhance the participation of eligible citizens to vote in elections

19 for federal office, and ensure that accurate and current voter registration rolls are maintained.

20 Here, Plaintiff's Complaint and opposition papers do not demonstrate or allege any electoral

21 impropriety in voter registration or procedures in elections for *federal office.*

22     Plaintiff argues that the Court should allow his case to proceed against the City because

23 the City's Charter incorporates the California Elections Code and that the City's Charter states

24 that the City's election procedures, unless otherwise stated or in conflict with the Charter, shall

25 follow the California Elections Code. (Doc. 17, pp.5-6.) The fact that the City follows state

26 election law has no bearing on whether Plaintiff's allegations plausibly establish that the City

27 somehow violated subdivision (a)(4) of 52 U.S.C. § 20507, a federal statute.

28 ///

1       Plaintiff only alleges a single claim under 52 U.S.C. § 20507. The stated statutory purpose of the NVRA is to eliminate unfair registration laws that can affect voter participation in elections for *federal* office and to establish procedures to increase eligible citizens who vote in elections for *federal* office. Plaintiff's hypothetical scenario that he, in the future, will be unable to obtain petition signatures for a local ballot issue is not within the scope or purpose of the NVRA to remedy. Plaintiff has not provided any case, statute or rule of law that holds otherwise. Thus, Plaintiff's sole claim under the NVRA does not provide Plaintiff any legal authority to obtain an injunction and it must be dismissed.

      **D.    Plaintiff's Demand For An Injunction Stopping City Ordinance No. 2019-02-05-1403 Must Be Dismissed Because There Are No Facts Or Legal Basis For The Court To Do So**

      Plaintiff's allegations and single legal claim pled in the Complaint concern an alleged violation of subdivision (a)(4) of 52 U.S.C. § 20507. Plaintiff does not set forth any facts nor any legal claim as to City Ordinance No. 2019-02-05-1403. Notwithstanding this, Plaintiff has demanded that this Court enjoin the Ordinance. (See Doc. 1, prayer for relief at pp. 7-8.)

      Plaintiff asserts in his opposition that the Ordinance penalizes landowners by placing liens on their properties if their tenants fail to pay for water service provided by California Water Service, a private water utility that is not owned or controlled by the City. Generally, a plaintiff cannot raise new allegations in opposition briefs to avoid dismissal under Rule 12. *See e.g., Schneider v. California Dep't of Corr.*, 151 F.3d 1194, 1197, fn. 1 (9th Cir. 1998) ("The 'new' allegations contained in the inmates' opposition motion, however, are irrelevant for Rule 12(b)(6) purposes. In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.") Moreover, inspection of the text of the Ordinance shows that it says no such thing. The Ordinance concerns the City's collection of charges for its own water, sewer, solid waste collection and stormwater service. (See Ex. A.) The Ordinance does not place liens on property for the collection of any delinquent payments to California Water Service.

      There is no legal or factual basis for Plaintiff's demand that the Ordinance be enjoined and any such request must be dismissed. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-557

(a complaint must contain more than just naked assertions or a formulaic recitation of the elements of a cause of action; and must have sufficient factual allegations to raise a right to relief above the speculative level).

### IV.  CONCLUSION

Based on the applicable law as it applies to Plaintiff's operative Complaint (Doc. 1), the City and Christian Clegg respectfully request that the Court grant this Motion and grant the requested relief:

Plaintiff's claim for relief under 52 U.S.C. § 20507 against the City and Christian Clegg is hereby DISMISSED; and

The dismissal of Plaintiff's claim for relief under 52 U.S.C. § 20507 as to the City and Christian Clegg is WITH PREJUDICE AND WITHOUT LEAVE TO AMEND BASED ON FUTILITY.

Dated: July 23, 2019

JOHN M. LUEBBERKE
CITY ATTORNEY

BY  */s/ Jamil R. Ghannam*
JAMIL R. GHANNAM
DEPUTY CITY ATTORNEY

Attorneys for Defendants
CITY OF STOCKTON and
CHRISTIAN CLEGG

**PROOF OF SERVICE**

I, NANCY NGUYEN, declare:

I am over the age of eighteen years and am a resident of San Joaquin County, California. I am not a party to this action. My business address is 425 North El Dorado Street, Second Floor, Stockton, California 95202.

On July 23, 2019, I served the following document(s):

**REPLY IN SUPPORT OF MOTION TO DISMISS BY CITY OF STOCKTON AND CHRISTIAN CLEGG**

addressed to:

Ralph Lee White, Plaintiff in pro per – via U.S. Mail
2201 E. Eighth Street
Stockton, CA 95206
Ralphwhite@aol.com

Chad A. Stegeman, counsel for Alex Padilla as Secretary of State for California – via CM/ECF
California Department of Justice
455 Golden Gate Ave
Suite 11000
San Francisco, CA 94102
Email: chad.stegeman@doj.ca.gov

Erin Hiroko Sakata – counsel for Melinda Dubroff as Registrar of Voters for County of San Joaquin via CM/ECF
Jason Morrish – via CM/ECF
San Joaquin County Counsel
44 N San Joaquin St Ste 679
Stockton, CA 95202
209-468-2980
Email: esakata@sjgov.org
Email: jmorrish@sjgov.org

__X__ **(BY MAIL TO PLAINTIFF)** placing the envelope for collection and mailing on the date and at the place shown below following our ordinary business practices. I am readily familiar with the business practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

Executed on July 23, 2019, at Stockton, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

*/s/ Nancy Nguyen*_____
NANCY NGUYEN