XAVIER BECERRA
Attorney General of California
TAMAR PACHTER
Supervising Deputy Attorney General
CHAD A. STEGEMAN, State Bar No. 225745
Deputy Attorney General
  455 Golden Gate Ave., Ste. 11000
  San Francisco, CA 94102-7004
  Telephone: (415) 510-3624
  Fax: (415) 703-5843
  E-mail: Chad.Stegeman@doj.ca.gov
*Attorneys for Defendant Alex Padilla, in his official capacity as the Secretary of the State of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH LEE WHITE,<br><br>                    Plaintiff,<br><br>v.<br><br>CHRISTIAN CLEGG, in his official capacity as Interim City Clerk for the City of Stockton;<br>CITY OF STOCKTON, a municipal corporation;<br>MELINDA DUBROFF, in her official capacity as Registrar of Voters for the County of San Joaquin;<br>ALEX PADILLA, in his official capacity as the Secretary of State for California,<br><br>                    Defendants. | 2:19-cv-913 JAM EFB PS<br><br>**DEFENDANT CALIFORNIA SECRETARY OF STATE PADILLA'S REPLY IN SUPPORT OF MOTION TO DISMISS [Fed.R.Civ.Proc. 12(b)(1), 12(b)(6)]**<br><br>Action Filed: May 21, 2019<br><br>Date: July 31, 2019<br>Time: 10:00 a.m.<br>        Courtroom: 8, 13th Floor<br>Judge: Hon. Edmund F. Brennan |

## INTRODUCTION

White's opposition to the Secretary of State's (SOS) pending motion to dismiss further demonstrates his lack of standing, that this case is not ripe for adjudication, and that the complaint fails to state a claim under the National Voter Registration Act of 1993 (NVRA). For these reasons, the Court should dismiss the complaint with prejudice.

**I. THE OPPOSITION DOES NOT ESTABLISH STANDING OR RIPENESS.**

White argues that he "is requesting this court order the SOS and County to purge existing voter lists so that he can lawfully pursue the mentioned repeal of the ordinance in question[,]"

(Opp'n 5:6-7), but he has alleged no facts demonstrating that SOS's action or inaction has prevented him either from collecting signatures or otherwise pursuing repeal of Ordinance No. 2019-02-05-1403 (the Ordinance). Indeed, he has not attempted to gather signatures, and whether any number of voters would agree to support his attempt to repeal the Ordinance is subject to speculation. White's predictions of what will happen, based on his past experiences, are also speculative and insufficient to allege either standing or a ripe claim. And White's receipt of voting materials for tenants who have changed address, without more, is not grounds to remove the former tenants, or anyone else, from the voting rolls. *See* 52 U.S.C. § 20501(a)(4). Nor are these allegations sufficient to demonstrate standing or ripeness.

White does not have Article III standing to sue SOS for a violation of the NVRA because he does not allege a concrete, actual, or imminent injury, or a remedy under the NVRA that will redress an injury. *See Bennett v. Spear*, 520 U.S. 154, 167 (1997). And any purported harm may never occur. *Richardson v. City and County of Honolulu*, 124 F.3d 1150, 1160 (9th Cir. 1997) (quoting 13B CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 3532, at 112 (2d ed. 1984)); *see also Chandler v. State Farm Mut. Auto Ins. Co.*, 598 F.3d 115, 1122-1123 (9th Cir. 2010). Therefore, the claim is unripe and the Court should dismiss the case with prejudice. *Chandler*, 598 F.3d at 1122.

II. **WHITE CANNOT RELY ON A DIFFERENT LAWSUIT, CONCERNING LOS ANGELES COUNTY, FILED TWO YEARS AGO, TO SATISFY THE NVRA'S MANDATORY NOTICE REQUIREMENT HERE.**

White effectively concedes his failure to comply with the notice provisions of the NVRA by relying on a lawsuit filed in 2017 to put SOS on notice of this complaint, which was filed several years later, concerns a different county and city, and involves a local ordinance adopted in 2019, long after notice was given in *Judicial Watch, et al. v. Logan*, C.D. Cal. Case No. 2:17-cv-8948. (Opp'n 7-8.) The 90-day notice provision of the NVRA is mandatory where, as here, no federal election was scheduled within 120 days of the lawsuit. (*See* Mot. at 8-9.) White is incorrect that the Ninth Circuit has not addressed this issue. (Opp'n 7.) It has. *See Nat'l Council of La Raza v. Cegavske*, 800 F.3d 1032, 1044 (9th Cir. 2015).

White cannot rely on the filing of *Judicial Watch, et al. v. Logan*, C.D. Cal. Case No. 2:17-cv-8948, to satisfy the NVRA's notice requirement. *Scott v. Schedler*, 771 F.3d 831 (5th Cir. 2014), is instructive here. The Fifth Circuit held that "Scott's failure to provide notice [was] fatal to his suit" and that he could not "piggyback on the NAACP's notice for several reasons." *Id.* at 836. The court found that the NVRA itself does not allow a plaintiff to rely on notice given by another party, and even if this were permissible, the NAACP's notice letter was too vague to provide the defendant with an opportunity to attempt compliance as to Scott before facing litigation. *Id.* In *Cromwell v. Kobach*, the court granted a motion to dismiss finding that "Plaintiffs wholly fail to allege that they sent any notice to the State prior to filing suit." 199 F.Supp.3d 1292, 1311 (D. Kan. 2016). It also found plaintiffs' reliance on two comments submitted during a regulation's public comment period did not provide the requisite notice under the NVRA. *Id.* The regulation had not even become law at that point. *Id.* And plaintiffs' arguments that providing notice would be futile were similarly discounted. *Id.* The court ultimately concluded that the "State did not receive actual notice after the challenged law went into effect by the named Plaintiffs or any other party. Thus, it had no opportunity to achieve compliance with the Act before Plaintiffs filed suit, contravening Congress' intent in creating the notice provision." *Id.* at 1312. In *Bellitto v. Snipes*, the court dismissed plaintiff Bellitto, holding that she could not piggy-back on the notice provided by plaintiff American Civil Rights Union – even though Bellitto was a member of the ACRU. 221 F. Supp. 3d 1354, 1363-64 (S.D. Fla. 2016).

Similar to *Scott*, *Cromwell*, and *Bellitto*, White did not give SOS or any other defendant an opportunity to address or respond to his particular complaint before they faced litigation. The *Scott* plaintiff was not allowed to "piggyback" on the NAACP's notice, and here White is not even relying on notice by another party concerning the same subject matter. The *Judicial Watch* complaint challenged the maintenance of Los Angeles County's voter lists, not the lists maintained by San Joaquin County and the City. *See* Compl., *Judicial Watch, et al. v. Logan*, C.D. Cal. Case No. 2:17-cv-8948, ECF No. 1. Like *Cromwell*, where the court held notice was inadequate based on comments to regulations before they became law, *Judicial Watch* was filed

3

before the Ordinance became law – two years before. *See id.* And unlike *Bellitto*, here there is no allegation or indication even that White is even a member of, in any way affiliated with, or otherwise represented by Judicial Watch. *Judicial Watch* did not provide notice of the claim White raises here.

Because White did not give proper notice, the Court should dismiss the claim.

### III. WHITE FAILS TO ALLEGE A VIABLE CLAIM OR STANDING BECAUSE HIS PROPOSED CHALLENGE TO THE ORDINANCE DOES NOT IMPLICATE A FEDERAL ELECTION OR FEDERAL VOTING RIGHTS.

The NVRA applies only where a defendants' action or inaction impinges on voting rights in *federal* elections; therefore, White cannot allege a viable NVRA claim by complaining about the City's adoption of the Ordinance by the City as a matter of a *local* legislative process. (*See* Mot. at 9-11.) The gravamen of his complaint is that he wishes to challenge the City's adoption of the Ordinance by referendum or some other effort that may or may not involve an election. At this point, White is concerned with obtaining signatures from 10 percent of voters in the City to initiate a challenge to the Ordinance. (Opp'n 1-2.) White admits that the lawsuit is premised on his hypothetical challenge to the local ordinance, but argues that if the voter lists were purged based on federal law, then it would be easier for him to collect the signatures he needs to challenge the Ordinance. (Opp'n 4-5.) The opposition fails to explain how this lawsuit implicates *federal* voting rights or a *federal* election -- or any voting rights or election for that matter. (*See generally* Opp'n.) This connection to federal voting rights is insufficient. Because there are no federal voting rights implicated by this lawsuit, the Court should dismiss it. *Dobrovolny v. Nebraska*, 100 F. Supp. 2d 1012, 1032 (D. Neb. 2000).

Similarly, because White does not allege that his rights to vote in a federal election were impaired or denied, he does not have standing as an "aggrieved person" within the meaning of 52 United States Code section 20510(b). *Dobrovolny*, 100 F. Supp. 2d at 1032. Because his concern only focuses on his ability to pursue repeal of a local ordinance adopted by the City, the case should be dismissed.

### IV. WHITE DOES NOT ALLEGE FACTS SUFFICIENT TO IDENTIFY VOTERS THAT SHOULD BE PURGED UNDER THE NVRA.

White fails to identify any allegations that demonstrate an ineligible voter should be cut from the list of registered voters. (*See generally* Opp'n.) White concedes that under the NVRA voters are not subject to purge unless (1) they confirm in writing that they have moved outside of the jurisdiction, or (2) they do not respond to the notice and do not vote in a federal election during the two-year period beginning on the date they were mailed the notice. (Compl. ¶ 15.) Allegations that he has received absentee ballots and election information at rental units for individuals who no longer reside there, as well as his ambiguous "canvassing" efforts last year (Compl. ¶ 10), and the new unrelated documentation attached to his opposition that does not mention his name (Opp'n Ex. A, ECF No. 17 at 16-24), do not support a claim to purge anyone under the NVRA. The Court should dismiss the claim.

### V. WHITE DOES NOT CONTEND THAT THIS COURT MAY COMPEL SOS TO INTERFERE WITH IMPLEMENTATION OF A LOCAL ORDINANCE.

White does not oppose, and in effect concedes, that the Court has no authority to compel SOS to prevent or interfere with the implementation of a local city ordinance pending a hypothetical signature drive for a contemplated effort by White to challenge the Ordinance. (*See* Mot. at 12-13; *compare generally* Opp'n.) The Court should grant the motion to dismiss this claim for injunctive relief with prejudice.

### CONCLUSION

For reasons discussed above and in SOS's motion, the complaint should be dismissed without leave to amend.

Dated: July 24, 2019

Respectfully submitted,

XAVIER BECERRA
Attorney General of California

*/ s / Chad A. Stegeman*
CHAD A. STEGEMAN
Deputy Attorney General
*Attorneys for Defendant*

SA2019102656; 21551967.docx

# CERTIFICATE OF SERVICE

Case Name:  **White v. Clegg, et al.**          No.  **2:19-cv-913 JAM EFB PS**

I, <u>Wendy Garber</u>, declare:

I am, and was at all times herein mentioned, a citizen of the United States and employed in the County of Fresno, State of California, over the age of eighteen (18) years, and not a party to the within action; that my business address is 2550 Mariposa Mall, Room 5090, Fresno, CA 93721.  Facsimile number (559) 445-5106.

On July 24, 2019, I served the following documents:

**DEFENDANT CALIFORNIA SECRETARY OF STATE PADILLA'S REPLY IN SUPPORT OF MOTION TO DISMISS [Fed.R.Civ.Proc. 12(b)(1), 12 (b)(6)]**

✓  By US Mail.  I am readily familiar with the office's practice of collecting and processing correspondence for mailing with the U.S. Postal Service and, after collection, it is deposited with the U.S. Postal Service with postage fully prepaid on the same day in the ordinary course of business.  I enclosed a true copy of the aforesaid document(s) in a separate envelope for each of the person(s) named below, addressed as set forth immediately below the respective name(s), as follows:

**RALPH LEE WHITE**                                           *Plaintiff in pro se*
**2201 E. EIGHTH STREET**
**STOCKTON, CA 95206**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on July 24, 2019, at Fresno, California.

                                                   ___/s/ Wendy Garber___
                                                   WENDY GARBER, Declarant

SA2019102656
33799792.docx