OFFICE OF THE COUNTY COUNSEL
County of San Joaquin
J. MARK MYLES, CSB #200823
County Counsel
JASON R. MORRISH, CSB # 192686
Deputy County Counsel
ERIN H. SAKATA, CSB #290118
Deputy County Counsel
44 N. San Joaquin Street, Suite 679
Stockton, California 95202
Telephone: 209/468-2980
Facsimile: 209/468-0315

Attorneys for Defendant,
  MELINDA DUBROFF

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO BRANCH

| | |
|---|---|
| RALPH LEE WHITE, individually,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTIAN CLEGG, in his official capacity as Interim City Clerk for the City of Stockton; CITY OF STOCKTON, a municipal corporation; MELINDA DRUBOFF, in her official capacity as Registrar of Voters for the County of San Joaquin; ALEX PADILLA, in his official capacity as the Secretary of State for California.<br><br>Defendants. | CASE NO. 2:19-CV-913 JAM EFB PS<br><br>**DEFENDANT MELINDA DUBROFF'S REPLY TO PLAINTIFF'S OPPOSITION TO DUBROFF'S MOTION TO DISMISS**<br><br>Date: July 31, 2019<br>Time: 10:00 a.m.<br>Courtroom: 8 (13th Floor)<br><br><br>Trial Date: None Set.<br>Magistrate Judge: Hon. Edmund F. Brennan |

Defendant MELINDA DUBROFF, mistakenly sued herein as MELINDA DRUBOFF (hereafter "Registrar") hereby submits the following reply to the Opposition to Motion to Dismiss-Memorandum of Points and Authorities (hereinafter "Opposition") submitted by Plaintiff RALPH LEE WHITE (hereinafter "Plaintiff").

1

DEFENDANT REGISTRAR'S REPLY TO PLAINTIFF'S OPPOSITION TO REGISTRAR'S MOTION TO DISMISS

# I. INTRODUCTION

The Opposition filed by Plaintiff reinforces the arguments presented by Registrar in her Motion to Dismiss Plaintiff's Complaint for Declaratory and Injunctive Relief (hereinafter "Complaint") due to lack of subject matter jurisdiction and a cognizable legal theory.  The sole claim pled by Plaintiff in his Complaint, and reasserted in his Opposition, is that Registrar violated the National Voter Registration Act of 1993 (hereinafter "NVRA") by allegedly failing to "purge the voter registration list" in accordance with subdivision (a)(4) of 52 U.S.C. § 20507. Plaintiff further alleges that such violation has prevented him from pursuing a "repeal" of Ordinance No. 2019-02-05-1403 (hereinafter "Ordinance") adopted by the City Council of the City of Stockton (hereinafter "City") on February 5, 2019.  Yet, Plaintiff's Complaint and Opposition fail to establish that Plaintiff has suffered a "concrete and particularized" injury to a cognizable interest, which can likely be redressed by a favorable decision.  *See Bennett v. Spear,* 520 U.S. 154, 167 (1997).  Instead, Plaintiff actually concedes this point by admitting that he has not yet pursued any efforts in furtherance of his desire to repeal the City's Ordinance.

Moreover, as further demonstrated by the arguments raised in Plaintiff's Opposition, Plaintiff's Complaint lacks a cognizable legal theory.   Plaintiff has no standing under the NVRA and courts have held that the NVRA does not apply to state or municipal registration or ballot questions.  Plaintiff presents zero legal authority in opposition to such arguments, but instead relies on his own personal beliefs and logic, to conclude that: (i) the statutory notice requirement imposed by the NVRA is permissive; (ii) the NVRA should "flow" down and apply to state elections and local initiatives; and, (iii) despite the existence of ample time for Registrar to complete actions in furtherance of a Voter Removal Program, this Court has the authority to order Registrar to begin the "purging process" now.  Accordingly, Registrar's motion to dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure, Rules 12(b)(1) and 12(b)(6) should be granted.

/ / /

/ / /

/ / /

DEFENDANT REGISTRAR'S REPLY TO PLAINTIFF'S OPPOSITION TO REGISTRAR'S MOTION TO DISMISS

## II. REPLY ARGUMENT

**A.     The Court should dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure, Rule 12(b)(1) for lack of subject matter jurisdiction.**

### 1.     Plaintiff has still failed to demonstrate that he has standing under Article III.

Pursuant to the standing requirements of Article III, Plaintiff must show that (1) he has suffered a "concrete and particularized" injury to a cognizable interest, (2) which is "fairly traceable to the challenged action of the defendant and (3) which likely can be redressed by a favorable decision. <u>Bennett</u>, *supra* 520 U.S. at 167.  The party invoking federal jurisdiction bears the burden of establishing these three elements. *See* <u>FW/PBS, Inc. v. Dallas</u>, 493 U.S. 215, 231 (1990).  Since they are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation. *See* <u>Lujan v. National Wildlife Federation</u>, 497 U.S. 871, 883-889 (1990).

Here, Plaintiff's Opposition fortifies Registrar's argument that Plaintiff lacks standing to invoke the jurisdiction of this Court.  Plaintiff has not suffered a concrete or particularized injury to a cognizable interest.  Instead, the injury alleged by Plaintiff is admittedly speculative and derived from a hypothetical scenario, as Plaintiff has not attempted to repeal the City Ordinance.  For example, Plaintiff states in his Opposition:

> "Why would Plaintiff attempt to gather signatures for his current effort to repeal the ordinance which is the subject of this action when he already was aware based on his efforts that the voter list was defective and obviously out of date?" (Opposition; pg. 4, lines 4-6);

and,

> "… he plans to pursue the repeal of this new ordinance and knows he will face the same challenge which generated his need to pursue a purging of the voter list."  (Opposition; pg. 9, lines 8-10).

Plaintiff's reliance on his alleged efforts in 2018 to amend the City's Charter and recall a City councilmember, and the alleged discovery of an inaccurate list of eligible voters at that time, is similarly misplaced.  Such past efforts are irrelevant because the City Ordinance was passed on

February 5, 2019. The 2018 official list of eligible voters is distinct from the 2019 and/or 2020 official lists of eligible voters. Lastly, the exhibits attached to Plaintiff's Opposition undermine Plaintiff's credibility and the factual allegations asserted by Plaintiff in the Complaint and Opposition regarding his personal experience with Registrar's alleged violations of the NVRA. For example, Plaintiff has alleged that:

> "he in fact filed with the City Clerk just last year Charter Amendment documentation required by the City Charter."
> (Complaint; pg. 3, lines 21-22 and Opposition; pg. 3, lines 15-16);

and

> "He also filed a Notice of Intention to Recall a councilmember at approximately the same time last year."

However, the Notice of Intent to Circulate Petition and Notice of Intent to Circulate Recall Petition attached to Plaintiff's Opposition fail to identify Plaintiff as a party to such past efforts. Instead, Jerome Clay and others are reflected as the proponents in each Notice, not Plaintiff. Thus, Plaintiff's own documents contradict his factual allegations and do not support his contention, albeit misplaced, that such past efforts confer standing with respect to the 2019 and/or 2020 official lists of eligible voters and Plaintiff's efforts to repeal the City Ordinance. Here, Plaintiff's injury is too speculative or imaginary and may never occur. Accordingly, Plaintiff lacks Article III standing to pursue this matter against Registrar.

### 2.  Plaintiff has failed to establish that his claims are ripe for adjudication by this Court.

Plaintiff acknowledges in his Opposition that the NVRA mandates that Registrar, in conjunction with the State election official, complete voter removal programs *not later than 90 days prior to the date of a primary or general election for Federal Office*. 52 U.S.C. 20507(c)(2). (Opposition; pg. 11; lines 18-20). Although Plaintiff argues that the City "must call for a Special Election within time frames set by the [City] Charter," such interpretation of the City Charter is incorrect and misleading. Instead, Article IX, Section 902 of the City Charter, attached as an exhibit to Plaintiff's Opposition, states in pertinent part that:

> "If the initiative petition is signed by voters of the City …, the City Council shall *either*:
> (a)   Introduce the ordinance without alteration at the

4

> regular meeting at which it is presented and adopt the ordinance within fourteen (14) days after it is presented, *or*
> (b)   Immediately order a special election, *to be held within the time set forth in the Elections Code of the State of California*, at which the ordinance, without alteration, shall be submitted to the voters of the City."

Accordingly, California Elections Code Sections 9215(b) and 1405 set forth the timeframe for a special election on a municipal initiative.  Such special election shall be held at the jurisdiction's next *regular* election occurring not less than 88 days after the date of the order of election.  California Elections Code sections 1405(a).  Thus, the City's next *regular* election could in fact be the March 2020 Presidential Primary Election or the November 2020 Presidential Election.[1]  Therefore, with respect to compliance with subdivision (c)(2) of 52 U.S.C. § 20507, Registrar could have up to December 4, 2019, or August 5, 2020, to complete actions in furtherance of a voter removal program prior to Plaintiff suffering any harm.  Plaintiff's premature filing of the Complaint prior to Plaintiff undertaking any efforts in furtherance of repealing the City Ordinance results in Plaintiff lacking the requisite standing to pursue his action against Registrar at this time.

**B.   The Court should dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6) as it lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory.**

**1.   Plaintiff has still failed to demonstrate that he has statutory standing pursuant to the NVRA.**

Plaintiff admits that he did not provide notice of the alleged violations of the NVRA to the Secretary of State prior to filing his Complaint.  (*See* Opposition; pg. 8, lines 18-21; "Surely, if Plaintiff were to have given notice it would not inform the SOS and the County of nothing more than they were well aware of.")  Although Plaintiff argues that, the statutory notice requirement was satisfied by the Secretary of State's prior involvement in unrelated litigation from 2017

---

[1] The date for such election is largely contingent upon Plaintiff's filing of an initiative petition and an order from the City Council for the City calling for a special election. As stated above under Section A1, Plaintiff has not pursued such efforts. Thus, this exercise in determining if/when such an election may take place is purely hypothetical.

specific to Los Angeles County, such prior litigation involving different parties is not relevant to the present action, or the alleged violations of Registrar.  Moreover, Plaintiff's effort to rely on stale litigation would defeat the purpose of the notice requirement imposed by the NVRA.  Rather than provide the Secretary of State and the local election officials with ample notice and time to correct alleged violations prior to an impending Federal election, persons would clog up the Court system by merely digging up prior litigation filed anywhere within the State of California and alleging that such prior litigation constitutes "notice" for purposes of the NVRA.

Although Plaintiff contends that the statutory notice requirement imposed by the NVRA is permissive, Plaintiff provides zero legal authority in support of such contention.  Instead, Plaintiff's contention is solely based on his belief.  (Opposition; pg., lines 19-20).  Plaintiff's beliefs are not a legitimate basis for this Court to disregard persuasive authority in which courts have held that the notice provision of the NVRA is mandatory, not permissive, and fatal to a suit under the NVRA.  *See* Nat'l Council of La Raza v. Cegavske, 800 F. 3d 1032, 1035 (9th Cir. 2015); and Scott v. Schedler, 771 F. 3d 831, 835-836 (5th Cir. 2014).

Similar to Plaintiff's argument that the statutory notice requirement imposed by the NVRA is permissive, Plaintiff's notion that the NVRA should apply to state or municipal registration questions is unsupported by any legal authority.  Instead, Plaintiff relies solely on his own logic and presents this Court with questions, not authority. (*See* Opposition; pg. 4, lines 23-25; "… how is it that there can be made herein a distinction, as alleged by City and County and SOS, between a voter for federal or state elections or initiatives, etc. and a voters rights under local law?  That makes no sense;" *see also*, pg. 5, lines 2-4; "… while all defendants argue that the NVRA only applies to Federal Elections does not the operative effect of the NVRA flow all the way down to the local level?").  The NVRA, by its express terms, applies to procedures for voter registration in elections for Federal office.  *See* 52 U.S.C. § 20503  Here, Plaintiff's Complaint and Opposition fail to demonstrate or allege any electoral impropriety in voter registration or procedures for an election for Federal office.  Thus, Plaintiff's claim against Registrar is not within the scope or purpose of the NVRA to remedy and therefore should be dismissed.

6
DEFENDANT REGISTRAR'S REPLY TO PLAINTIFF'S OPPOSITION TO REGISTRAR'S MOTION TO DISMISS

# III. CONCLUSION

Based on the foregoing, Registrar respectfully requests that Plaintiff's Complaint be dismissed with prejudice and without leave to amend based on futility pursuant to Federal Rules of Civil Procedure, Rules 12(b)(1) and 12(b)(6).

Dated: July 24, 2019

OFFICE OF THE COUNTY COUNSEL

By: /s/ *Erin H. Sakata*
ERIN H. SAKATA
Deputy County Counsel
Attorneys for Defendant
MELINDA DUBROFF

<u>WHITE v. CLEGG, et al.</u>
Case No. 2:19-cv-00913-JAM-EFB

**PROOF OF SERVICE**

STATE OF CALIFORNIA )
) ss.
COUNTY OF SAN JOAQUIN )

**I, THE UNDERSIGNED, SAY:**

I am, and was at all times herein mentioned, a citizen of the United States and employed in the County of San Joaquin, State of California, over the age of eighteen (18) years, and not a party to the within action; that my business address is 44 N. San Joaquin Street, Suite 679, Stockton, California, 95202.  Facsimile number (209) 468-0315.

On July 24, 2019 I served the following document(s):

**DEFENDANT MELINDA DUBROFF'S REPLY TO PLAINTIFF'S OPPOSITION TO DUBROFF'S MOTION TO DISMISS**

☑  By US Mail. I am readily familiar with the office's practice of collecting and processing correspondence for mailing with the U.S. Postal Service and, after collection, it is deposited with the U.S. Postal Service with postage fully prepaid on the same day in the ordinary course of business.  I enclosed a true copy of the aforesaid documents(s) in a separate envelope for each of the person(s) named below, addressed as set forth immediately below the respective name(s), as follows:

**RALPH LEE WHITE**                                *Plaintiff in pro se*
**2201 E EIGHTH STREET**
**STOCKTON CA   95206**

**I DECLARE UNDER PENALTY OF PERJURY** that the foregoing is true and correct. **EXECUTED** at Stockton, California, on July 24, 2019.

                                                       *Shannon M. Hughes*
                                                       Shannon Hughes