UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH WHITE,<br><br>    Plaintiff,<br><br>    v.<br><br>CHRISTIAN CLEGG, in his official capacity as Interim City Clerk for the City of Stockton; CITY OF STOCKTON, a municipal corporation; MELINDA DRUBOFF, in her official capacity as Registrar of Voters for the County of San Joaquin; ALEX PADILLA, in his official capacity as the Secretary of State for California,<br><br>    Defendants. | No. 2:19-cv-913-JAM-EFB PS<br><br>FINDINGS AND RECOMMENDATIONS |

This case was before the court on July 31, 2019, for hearing on defendants' motions to dismiss plaintiff's complaint for lack of subject matter jurisdiction and for failure to state a claim pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(1) and 12(b)(6).[1]  ECF Nos. 8, 10, 13.  For the reasons stated on the record, and as detailed further below, this action is moot and, consequently, must be dismissed.

---

[1] This case, in which plaintiff is proceeding pro se, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21).  *See* 28 U.S.C. § 636(b)(1).

1

I.  Background

According to plaintiff's complaint, in February 2019, defendant City of Stockton ("City") passed an ordinance that requires property owners to pay delinquent water utility bills incurred by the property owners' tenants. Compl. (ECF No. 1) ¶ 8. Under the ordinance, the failure to pay such bills may result in penalties and a lien on the property. *Id*. Plaintiff claims that the ordinance is improper because some areas of the City receive water from California Water Service, a private company. Plaintiff does not dispute that the City may impose penalties for collecting debts it is owed, but he believes it is improper for the City to place liens on property for the purpose of collecting a debt owed to a private entity; i.e., California Water Service.

Plaintiff, who owns a substantial number of rental properties in the City that receive water from California Water Service, wants "to have this ordinance repealed by a vote of the people . . . ." *Id*. ¶¶ 8, 10. To have the issue placed on the ballot, plaintiff claims that he must collect signatures from at least ten percent of the City's registered voters. *Id*. ¶ 10. He contends that completing this task is "difficult, if not impossible" because defendants have failed to maintain a program for removal of ineligible voters residing within the City from California's voter registration roll as required by the National Voter Registration Act of 1993 ("NVRA"). *Id*. ¶¶ 1, 10. He claims that he is "personally aware of a significant number of registered voters" that are ineligible to vote within the jurisdiction of the City due to incarceration, moving to another location, or passing away. *Id*. ¶ 10. Such personal knowledge is based on his receipt of absentee ballots and other voter information mailed to individuals who no longer reside at his rental units, as well as from "canvass[ing] areas to obtain the requisite number of registered voter signatures" to place a separate matter on a ballot in 2018. *Id*.

Plaintiff seeks declaratory relief declaring that defendants Christian Clegg, the Interim City Clerk for the City of Stockton; the City; Melinda Dubroff, the Registrar of Voters for the County of San Joaquin; and Alex Padilla, the Secretary of State for the State of California, violated Section 8(a)(4) of the NVRA. He also seeks an injunction requiring (1) defendants to comply with the NVRA by conducting "a purge of the voter lists affecting the City of Stockton" and (2) precluding the City from enforcement of the ordinance until plaintiff has "the opportunity

2

1    to submit proper documentation for eligible voters in the City of Stockton for a meaningful

2    attempt to repeal the . . . Ordinance through the initiative process . . . ." *Id*. at 7-8.

3    Defendants move to dismiss plaintiff complaint for lack of subject matter jurisdiction and failure

4    to state a claim pursuant to Rules 12(b)(1) and (12(b)(6). ECF Nos. 8, 10, 13.

5    II.     Discussion

6         Although defendants move to dismiss on jurisdictional grounds of standing, it is clear that

7    there is also a fundamental threshold barrier to suit based on mootness. As addressed above, the

8    foundational predicate for this lawsuit is plaintiff's contention that the City's ordinance

9    improperly permits it to place liens on property for debts owed to a private third-party. Plaintiff

10   confirmed that at the hearing. *See also* ECF No. 1 ¶ 8 ("While WHITE does not argue the

11   CITY's ability to lien an owner's property for a water bill from a water utility department owned

12   by the CITY, he takes issue with CITY's ability to so lien on behalf of a private utility."). But as

13   discussed at the hearing, all parties (plaintiff and the City) agree that a plain reading of the

14   ordinance shows that it does not apply to delinquent bills for water supplied by California Water

15   Service, a private company. Rather, it only applies to the bills for water supplied by the City.

16         Stockton City Ordinance No. 2019-02-05-1703 states, in relevant part, that "in areas in

17   which the City provides water service it shall be mandatory for all owners, or occupants or

18   persons in possession, charge or control of all dwellings, buildings, places and premises in the

19   City that are connected to the City's water system to subscribe to and pay for water services

20   provided to their respective property by the City." ECF No. 18-1 at 7 (§13.04.015)[2]. It further

21   provides that where "any bill for a *City water service account* remains unpaid 25 days after the

22   billing date," a penalty of 10 percent of the delinquent amount will be imposed. *Id*.

23   (§ 13.04.060(A) (emphasis added)). Significantly, with respect to liens the ordinance provides

24   that "[i]f the account holder is the record owner of the property *receiving City water services* . . .

25   water service charges and penalties may become a lien against the lot or parcel of land against

---

[2] Defendants City and Christian Clegg's request for judicial notice of the Stockton City Ordinance No. 2019-02-05-1403 is granted. ECF No. 18-1; *see Wood v. City of San Diego*, 2010 WL 2382335, at *5 (S.D. Cal. June 10, 2010) ("Municipal Code sections may be judicially noticed . . . .").

3

1 which the charges were imposed if such charges remain delinquent for a period of 60 days or more" after notice is provided. *Id*. at 8 (§ 13.04.070) (emphasis added).

Thus, for a lien to be placed on real property due to a delinquent water bill, the water services for the property must be supplied by the City. The ordinance does not, as the complaint alleges, contain language purporting to permit the City to impose a lien on property for failure to pay a debt owed to a private entity. Moreover, the City confirmed at the hearing and in its reply brief that it agrees that the ordinance does not grant any such authority. Rather, counsel for the City conceded at the hearing that the ordinance in question does not permit a lien on property for debts owed to private parties. Counsel further explained that the ordinance was enacted to provide the City with a better mechanism for collecting delinquent fees the City is owed for utility services it has provided.

Accordingly, as there is currently no case or controversy before the court, the action is moot. *See Cantrell v. City of Long Beach*, 241 F.3d 674, 678 (9th Cir. 2001) (case loses its quality as a "present, live controversy" and becomes moot when there can be no effective relief); *Foster v. Carson*, 347 F.3d 742, 745 (9th Cir. 2003) ("Mootness is a jurisdictional issue, and federal courts have no jurisdiction to hear a case that is moot, that is, where no live controversy exists.").[3]

III. Conclusion

Accordingly, it is hereby RECOMMENDED that:

1. This action be dismissed as moot;

---

[3] Additionally, dismissal is appropriate for lack of standing. Plaintiff's sole claim is predicated on defendants' alleged failure to comply with the NVRA's requirement that a program be maintained to remove the names of ineligible votes from the official voter registration list. ECF No. 1; *see* 52 U.S.C. §§ 20510(b) and 20507(a)(4). He claims that due to defendants' failure to maintain such a program, he is unable collect the necessary voter signatures to place a repeal referendum on the ballot. ECF No. 1 ¶¶ 1, 10. Plaintiff, however, does not allege that he has taken any action towards having a repeal referendum placed on the ballot (*see generally* ECF No. 1), and he concedes that he has not attempted to collect the requisite signatures (ECF No. 17 at 4). Any claim that he is prevented from doing so is wholly speculative. Consequently, he fails to establish that he has suffered any injury traceable to defendants' alleged failure to maintain an accurate voter registration roll and he therefore has failed to establish Article III standing. *See Bennett v. Spear*, 520 U.S. 154, 162 (1997).

4

2. Defendants' motions to dismiss (ECF No. 8, 10, 13) be denied as moot; and

3. The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 1, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE